James W. BEALE; et al., Appellants,

and

Oklahoma Sand Company; New Jersey Silica Sand Company, Defendants,

v.

Thomas H. HARDY; George S. Wilson, III, Administrator of the Estate of Harry P. Hardy, deceased, Individually and Trading as Hardy Sand Company, an Indiana Partnership; The Mead Corporation; Liberty Mutual Insurance Company, Third Party Defendants,

v.

WHITEHEAD BROTHERS COMPANY; Pennsylvania Glass Sand Corporation; Hardy Sand Company; Warner Company; Manley Brothers; Thomas H. Hardy, individually and trading as Hardy Sand Company, Appellees.

No. 84–2028.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1985.

Decided Aug. 7, 1985.

J. Michael Gamble, Amherst, Va. (Donald G. Pendleton, Ronald D. Henderson, Pendleton & Gamble, Amherst, Va., S.J. Thompson, Jr., Gregory P. Cochran, John T. Cook, Caskie, Frost, Hobbs, Thompson, Knakal & Alford, Lynchburg, Va., John M. O'Quinn, Edwin L. McAninch, O'Quinn, Hagans & Wettman, Houston, Tex., on brief), for appellants.

James W. Morris, III, Richmond, Va. Richard K. Bennett, Caroline Loudow Lockerby, Browder, Russell, Morris & Butcher, Robert T. Billingsley, McGuire, Woods & Battle, Richmond, Va., John M. Oakey, Jr., H. Slayton Dabney, Jr., Margaret G. Seiler, Mary Louise Kramer, S. Vernon Priddy, III, Sands, Anderson, Marks & Miller, Colin J. S. Thomas, Jr., Bruce C. Phillips, Timberlake, Smith, Thomas & Moses, P.C., George W. Wooten, M. Lanier Woodrum, Woodward, Fox, Wooten & Hart, William B. Poff, Samuel G. Wilson, Woods, Rogers & Hazlegrove on brief), for appellees.

Before WIDENER and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

Plaintiffs, past and present employees of the Lynchburg Foundry, sued twelve corporate defendants that allegedly supplied to the Lynchburg Foundry silica sand or related products used in the casting process at the foundry. Plaintiffs claimed that these defendants had a duty to warn directly the employees of the foundry of the risks and dangers of contracting silicosis by working with products containing silica. The defendants moved for summary judgment on the ground that they had no duty to warn the plaintiffs of these risks

and dangers because the Lynchburg Foundry has been knowledgeable of the risks and dangers since at least the 1930s. The district court granted defendants' motions, *Goodbar v. Whitehead Brothers*, 591 F.Supp. 552 (W.D.Va.1984), and plaintiffs appealed. We affirm.

All of the parties stipulated to the underlying facts which the district court summarized. 591 F.Supp. at 554–55. In addition, for the purposes of these motions only, the district court assumed that all defendants sold silica products to the foundry in one form or another; all plaintiffs were exposed to all defendants' products while employed at the foundry; the plaintiffs had no knowledge of the dangers associated with free silica; and exposure to silica did result in silicosis. 591 F.Supp. at 556. Furthermore, the district court found that the Lynchburg Foundry was cognizant of the problems of silica dust and silicosis since at least the 1930s and that, from the late 1950s and early 1960s onward, the foundry's knowledge was nothing less than extensive. 591 F.Supp. at 565. In so finding the district court rejected the conclusion reached by plaintiffs' experts that the foundry did not have the proper sophistication in dealing with silicosis. The district court found this conclusion "to be nothing short of amazing." *Id.* The affidavits of the three experts failed to rebut the facts set forth by defendants and actually demonstrated that the foundry had available to it extensive information about silica dust exposure and silicosis. *Id.*

Based on these factual findings and its interpretation of the duty to warn under § 388 of the Restatement (Second) of Torts (1965), the district court granted defendants' motions for summary judgment. Plaintiff then appealed.

A district court may grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Federal Rule of Civil Procedure 56(c). The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another. *Barwick v. Celotex Corporation*, 736 F.2d 946, 963 (4th Cir.1984). In considering defendants' motions for summary judgment the district court correctly followed this standard in granting their motions.

In their appeal plaintiffs advance three main arguments. First, plaintiffs argue that there are six controverted issues of material fact which make the granting of defendants' motions for summary judgment erroneous. Second, plaintiffs contend that several cases they rely on control the disposition of this action, instead of the cases relied on by the district court. Finally, plaintiffs argue that the defendants owed the employees of the foundry a nondelegable duty to warn about the dangers associated with the use of silica products, and that these hazards are latent.

It is clear, as set forth in the district court's opinion, that the alleged genuine issues of material fact either are not genuine issues or are not material facts. Furthermore, the district court correctly distinguished the cases relied on by the plaintiffs. 591 F.Supp. at 557–61. The district court also correctly determined that the latent/patent distinction was irrelevant. 591 F.Supp. at 561.

The main issue in this action concerns the existence on the part of these defendants of a duty to warn the plaintiffs directly of the dangers associated with the use of silica containing products. The district court correctly analyzed this issue under the Restatement (Second) of Torts § 388 (1965) which has been adopted as the law of Virginia by the Supreme Court of Virginia, *Featherall v. Firestone Tire & Rubber Co.*, 219 Va. 949, 962, 252 S.E.2d 358, 367 (1979), and § 388 Comment n, which has been determined to be included in the law of Virginia, *see Barnes v. Litton Indus. Products, Inc.*, 555 F.2d 1184, 1188 (4th Cir.1979). After analyzing the case authority relied upon by the plaintiffs and the defendants, the evidence that the

foundry had extensive knowledge of the hazards associated with inhaling silica dust, the disease of silicosis, proper dust control methods, and the duty to warn under § 388(c) and comment n, the district court correctly held that no duty to warn existed. 591 F.Supp. at 566–67. We affirm this holding and adopt the district court's opinion as our own.

AFFIRMED.