**Norma R. FALIN, Plaintiff,**

v.

**Louis SULLIVAN, et al., Defendants.**

**Civ. A. No. 3:91CV00196.**

United States District Court,
E.D. Virginia,
Richmond Division.

April 12, 1991.

Martin Douglas Wegbreit and Paul Graham Beers, Client Centered Legal Services of Southwest Virginia, Inc. Castlewood, Va., for Norma R. Falin.

Debra Jean Prillaman, Office of the U.S. Atty., Richmond, Va., Eileen Bradley, Chief Counsel, Region III, Michael Leonard, Supervisory Asst. Regional Counsel William M. Reinhart, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa., for Louis Sullivan.

Pamela Malone Reed, Office of Atty. Gen., Richmond, Va., for Larry Jackson.

## MEMORANDUM OPINION

SPENCER, District Judge.

This case appears before the court as a direct challenge to the validity of a regulation governing the Aid to Dependent Children Program.[1] Plaintiff challenges 45 C.F.R. § 233.20(a)(3)(i))B)(2), which requires states to set an excludable resource limit of not more than $1500 for automobiles

---

1. The ADC Program was established by Title IV of the Social Security Act of 1935 to provide financial assistance to needy dependent children and the parents or relatives who live with them. *See* 42 U.S.C. § 601 et seq. (1988).

owned by ADC benefit recipients. Simply put, the regulation allows ownership of cars worth less than $1500 without adversely affecting eligibility for ADC.

Plaintiff Norma Falin is a resident of Scott County, Virginia where she lives with her disabled son. Defendant Sullivan is the Secretary of the United States Department of Health and Human Services ("HHS"), the agency that promulgated the regulation at issue. Defendant Jackson is the Commissioner of the Virginia Department of Social Services ("DSS"), the department that oversees the implementation of this regulation in the Commonwealth of Virginia.

The court properly retains jurisdiction under 28 U.S.C. §§ 1331 and 1343. Since plaintiff seeks declaratory and injunctive relief, the court also retains jurisdiction under 28 U.S.C. §§ 2201 and 2202.

Both parties have filed motions for summary judgment. For the reasons stated below, plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted.[2]

## I.

The challenged regulation developed essentially as follows. Originally, the regulations for Aid to Families with Dependent Children ("AFDC") included an exemption for one automobile, a family home, personal effects and income producing property. In 1973, the Secretary of the Department of Health Education and Welfare ("HEW," the predecessor to HHS) gave notice of a revision. That final revision allowed excess income of $2250.

The United States Court of Appeals for the District of Columbia Circuit struck down this regulation in *National Welfare Rights Org. v. Mathews*, 533 F.2d 637 (D.C.Cir.1976). The court held that (1) the Secretary erroneously counted property at market value without regard to encumbrances upon it, and (2) the Secretary failed to articulate the facts underlying his decisions. *Id.*

The Secretary therefore revised the regulation with a $2000 limit, and no set amount regarding the maximum allowable worth of automobile permitted. In 1981, Congress passed the Omnibus Budget Reconciliation Act ("OBRA") in which it decreased the limit to $1000, leaving the automobile exclusion amount to the discretion of the HHS Secretary. Pub.L. No. 97–35, 95 Stat. 357, 844 (1982). The Secretary then set the automobile limit, relying upon data from a 1979 survey of food stamp recipients.

## II.

On January 15, 1991 the Scott County Department of Social Services sent advance notice to terminate Norma Falin's ADC benefits based on the agency's determination of resources in excess of the allowable limit. Ms. Falin owned two cars that fell into the "excess resource" category: a 1983 Chevrolet Van worth an estimated $2897 and a 1983 Cavalier worth approximately $275. As accounted for under ADC standards, Ms. Falin had $1672.50 in countable resources above her allowable limit. Because of this excess, Ms. Falin's benefits were denied. On March 29, 1991 a hearing officer of the Virginia Department of Social Services sustained the denial. This lawsuit followed.

Ms. Falin receives ADC, and her ten year old child receives SSI because he suffers from spinal bifida and is a paraplegic. Ms. Falin's mother bought her the van in order to help her transport her son to and from his doctor's appointments. Ms. Falin had difficulty getting her son in and out of the car. The child is able to lift himself out of his wheelchair into the van. He was unable to do so in the car.

## III.

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where the nonmoving party is entitled to judgment as a matter of law. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985); Fed.R.Civ.P. 56(c). The

---

2. Plaintiff also filed a Motion for Class Certification. The court's decision as to summary judgment renders plaintiff's motion for class certification moot.

court must view the facts and the inferences drawn therefrom in the light most favorable to the party opposing the motion. *Ballinger v. North Carolina Agric. Extension Serv. Co.*, 815 F.2d 1001, 1004 (4th Cir.) *cert. denied* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). A district court must look to the affidavits or other specific facts to determine whether a triable issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Ms. Falin argues in the alternative. First, she argues that the $1500 limit is unreasonable, arbitrary and capricious, an abuse of discretion and not otherwise in accord with the law. She then suggests that even if the $1500 was valid when it was adopted in 1981 (using 1979 figures), inflation has rendered the figure invalid.

■ A federal court has the power to declare unlawful and set aside agency regulations that are arbitrary, capricious, an abuse of discretion, or not in accordance with the law. *Motor Vehicle Manufacturers Ass'n. v. State Farm Mutual In., et al.*, 463 U.S. 29, 41, 103 S.Ct. 2856, 2865, 77 L.Ed.2d 443 (1983). Under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), a court should undertake a two-part analysis to review a Secretary's regulation. First, a court must look to the "plain meaning" of the statute and determine if the regulation responds to it. If it does, the inquiry need not continue. Second, if the statute is silent or ambiguous, a court must determine whether a given regulation is a permissible construction. *Id.* at 837, 842-43, 104 S.Ct. at 2778, 2781-82.

■ However, a court must defer to the agency's construction of a statute if it is reasonable and consistent with the underlying congressional purpose. *Id.* In fact, where the congressional delegation explicitly leaves a "gap" for the agency to fill, the deference accorded to the agency is especially great, so long as the agency has considered the matter in a detailed and reasoned fashion. *Id.* at 843-44, 865, 104 S.Ct. at 2781-82, 2792. Congress explicitly left the automobile exclusion to the HHS Secretary's discretion, meaning that this court owes great deference to his ultimate determination.

The court addresses Ms. Falin's three arguments seriatim below.

## IV.

Ms. Falin argues that defendants' adoption of the $1500 motor vehicle equity asset limit was unreasonable, arbitrary, capricious, an abuse of discretion and not in accordance with the law. Finding fault in three areas of the Secretary's decision making process, she asks this court, as allowed under *Motor Vehicle*, 463 U.S. at 41, 103 S.Ct. at 2865, to declare unlawful and set aside these agency regulations.

### (A)

■ First, Ms. Falin argues that the assumption that 96 percent of all Food Stamp recipients who owned a vehicle had equity of $1500 or less in the vehicle involves a miscalculation. Plaintiff asserts that the Secretary incorrectly included the 51.4 percent of recipients who did not own a car at all. Plaintiff argues that the correct percentage should be approximately 90 percent of recipients with equity of $1500 or less in the vehicle. Ms. Falin suggests that such an error is "more than *de minimis*" and cannot be upheld under *Motor Vehicles.*

Even assuming Ms. Falin's lowest estimate of 90 percent who owned automobiles worth $1500 or less, the court finds that such a percentage constitutes the "vast majority" of ADC recipients with equity in an automobile. As such, it is a reasonable standard on which the Secretary may rely.

### (B)

■ Second, plaintiff argues that the Secretary's reliance on a study of food stamp recipients is irrational. She argues that the use of the 1979 study *of a different* group of recipients should be set aside as arbitrary and capricious. Ms. Falin suggests that eligibility for the two groups

was sufficiently dissimilar to warrant an independent study.

There is no factual dispute as to the report used by HHS. The evidence shows that the Secretary used the best available data in reaching the $1500 limit. The Secretary's choice to rely upon a 1979 survey based on food stamp recipients, whose population overlaps by 80 percent that of ADC recipients, was reasonable and therefore must be deferred to under *Chevron*. During the period of public comment, no group pointed to any other evidence on which they could rely. This use of the best data then available, along with a reasoned analysis, clearly withstands the narrow scope of review under the arbitrary and capricious standard.

### (C)

■ Third, plaintiff argues that the ADC regulation conflicts with congressional intent. Plaintiff cites to language in the ADC statute emphasizing the role of ADC in encouraging independence in families to the maximum extent possible. Plaintiff also looks to the Family Support Act of 1988, P.L. 100–485, 102 Stat. 2343, *reprinted in* U.S.Code Cong. & Admin.News, which aims to "help families off the welfare rolls and into jobs." Plaintiff contends that the $1500 limit runs counter to the congressional desire to promote self-sufficiency and personal independence. Individuals will be forced, plaintiff argues, to depend on unreliable transportation, a circumstance bound to decrease their job opportunities.

Although plaintiff's argument appeals to a sense of fairness, the $1500 limit was enacted in compliance with the OBRA, not the Family Support Act. In OBRA, congress cut by one-half the allowable asset limit evidencing an emphasis on budget-trimming, not self-sufficiency. *See Philadelphia Citizens in Action v. Schweiker*, 669 F.2d 877, 879 (3rd Cir.1982) ("The primary purpose of the OBRA amendments to the AFDC program is to reduce or eliminate welfare benefits for those considered by Congress to be less needy than those completely without resources."); *see also,*

*Dickenson v. Petit*, 569 F.Supp. 636 (D.Me. 1983). Furthermore, the Family Support Act increased neither the $1000 resource limit nor the $1500 automobile equity limit even though Congress reconsidered both limits.

In summation, plaintiff seems to challenge the $1500 equity limit despite a clear congressional intent to keep the limit a low one. Plaintiff did not show that the Secretary's regulation is not reasonably related to the purposes of the enabling legislation. *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973). Since no dispute of material fact exists, the plaintiff has not borne her burden, and defendants are awarded summary judgment.

### V.

■ Finally, plaintiff argues that even if the $1500 was valid when it was adopted in 1981 (using 1979 figures), inflation has rendered the figure invalid. Since the report, inflation has increased by 90 percent. Ms. Falin notes that the "Assets of Low–Income Households" report specifically mentioned the increasing restrictiveness a fixed limit would have over the years. Plaintiff asserts that the Secretary cannot arbitrarily choose to ignore the effects of inflation over the years. *See Maine Assoc. of Interdependent Neighborhoods v. Petit*, 659 F.Supp. 1309, 1323 (D.Me.1987) (failure to count effects of inflation on twelve year old data arbitrary and capricious); *Natural Resources Defense Counsel v. Herrington*, 768 F.2d 1355, 1408–1410 (D.C.Cir.1985).

However, the Fourth Circuit recently rejected the same argument in *Garnett v. Sullivan*, 905 F.2d 778, 782 (4th Cir.1990). In that decision, the Fourth Circuit held that nothing requires the Secretary of HHS to adjust Social Security Supplemental Security Income ("SSI") to market conditions. Here, nothing requires the Secretary of HHS to adjust upwardly automobile equity limits in response to inflation. Plaintiff claims that since the Secretary increased the regulation amount at issue subsequent to the *Garnett* ruling, this court should increase the equity amount in the case at

bar. However, the court chooses to leave such policy decisions to the discretion of the Secretary him or herself.

### Conclusion

Individually, Ms. Falin has a sympathetic claim. However, viewing the facts in the light most favorable to Ms. Falin's claim, the court cannot find that the Secretary has arbitrarily reached the $1500 equity amount at issue. As such, plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted.