21 F.3d 422
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 THE FIRST NATIONAL BANK OF BOSTON, successor-in-interest of
Brown Transport Corporation, Plaintiff-Appellant,
v.
RAUCH INDUSTRIES, INCORPORATED, Defendant-Appellee.
 No. 93-2104.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1994.
Decided April 14, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CA-92-311-3-P)
 Arthur B. Seymour, Atlanta, GA, for appellant.
 Stephen R. Hunting, Parker, Poe, Adams & Bernstein, Charlotte, NC, for appellee.
 Jeffrey I. Ryen, Parker, Poe, Adams & Bernstein, Charlotte, NC, for appellee.
 W.D.N.C.
 REVERSED AND REMANDED.
 Before HALL and MURNAGHAN, Circuit Judges, and RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The First National Bank of Boston ("FNBB") appeals an order granting summary judgment to Rauch Industries, Inc., in an action brought by FNBB, as successor-in-interest to Brown Transport Corporation, to recover freight charges allegedly owed to Brown by Rauch. We reverse.
 
 
 2
 * Brown, a trucking company, filed for bankruptcy in 1989 in the Northern District of Georgia. In its complaint, FNBB asserted that Brown had transported certain freight for Rauch under a 1988 contract, that Rauch had been billed by Brown in the amount of $39,307.14, and that this amount remained unpaid. FNBB also alleged that it had a security interest in the accounts receivable of Brown and that the bankruptcy court had granted FNBB's motion for relief from the automatic stay to allow FNBB to collect these accounts. In its answer, Rauch admitted that Brown had "transported certain freight" and that FNBB had demanded $39,307.14, but that Rauch "has rightfully refused to pay that amount...."
 
 
 3
 The parties filed cross-motions for summary judgment. A copy of the security agreement between Brown and FNBB was appended to FNBB's summary judgment motion, as was a copy of a bankruptcy court's decision that recited a prior decision that FNBB had a security interest in Brown's accounts receivable. Also attached to the motion was an affidavit from Eugene Greenberg, a company manager from Creditek. According to Greenberg, Creditek was authorized by the bankruptcy court to administer the collection of Brown's outstanding accounts receivable. Greenberg set out the various charges alleged to be due in a list that included the freight bill number and date of each shipment, the amount of any applicable discount, and the amount billed.
 
 
 4
 In its motion for summary judgment, Rauch admitted that Brown made the 104 shipments alleged by FNBB. Rauch conceded that seventy of the bills were correctly discounted in FNBB's claim, but that fifteen of these "undisputed freight bills" were barred by the statute of limitations; the fifty-five undisputed bills totalled $12,200.62. Rauch claimed that the thirty-four disputed bills were barred by the statute of limitations, improperly discounted, paid, unsupported by evidence of delivery, or subject to payment by the customer receiving the shipment. Rauch also disputed the allegation that FNBB has a security interest in the accounts receivable, stating that FNBB "has not ... submitted any proper evidence of the existence or perfection of that alleged security interest." Rauch asserted a right of setoff in the amount of $14,456.73.
 
 
 5
 Rauch moved to strike some of FNBB's exhibits, including the security agreement, as being unauthenticated. FNBB responded that Greenberg's affidavit asserted that he was the custodian of "the corporate records concerning [the instant case]" and, further, that he had been authorized by the bankruptcy court to review Brown's accounts receivable. FNBB also moved to supplement the Greenberg affidavit to add an assertion that the security agreement was kept in FNBB's ordinary course of business and that it had been transmitted to Creditek by FNBB.
 
 
 6
 The district court decided all outstanding motions in a single order. Greenberg's supplemental affidavit was admitted. The court then ruled that FNBB had failed "to establish that[Rauch], while having refused or failed to pay bills, did so in contravention of the law that it owes a debt." In other words, the court held that FNBB failed to demonstrate in any way that Rauch owes the amounts represented by the bills. Rauch's summary judgment motion was granted, and, by order entered July 1, 1993, the action was dismissed with prejudice.* FNBB appeals.
 
 II
 
 7
 Summary judgment may be granted "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir.1985). All facts and inferences must be construed in favor of the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 242, 248 (1986). We review a grant of summary judgment de novo, under the same standard applicable in the district court. We believe that summary judgment was unwarranted in this case.
 
 
 8
 The district court noted that the Greenberg affidavit "to establish the amounts requested under the contract are actually due under that contract." A contract for services, bills for such services, and an allegation that the bills remain unpaid certainly permit a reasonable inference that Brown owes for the services rendered. Greenberg's affidavit speaks of Rauch's "indebtedness of the 104 shipments at issue" and the bankruptcy court-ordered role of his corporation to "collect the outstanding accounts receivable of Brown."
 
 
 9
 The focus of Rauch's submissions to the court is that (1) under the contract, it is entitled to a discount with regard to many of the charges; (2) it is entitled to a setoff for amounts that Brown owed Rauch; (3) the statute of limitations bars the claims with regard to about one-third of the bills; and (4) there are factual disputes as to the discounted amounts owed under the contract. Rauch, however, has neither denied receiving Brown's services nor claimed that it has paid for such services.
 
 
 10
 We think it is beyond question that FNBB had offered sufficient evidence to demonstrate that there is a genuine issue of material fact with respect to a debt arising out of the 104 shipments performed by Brown under its contract with Rauch. How much is owed is a factual question to be resolved initially by the district court.
 
 
 11
 The order granting summary judgment to Rauch is reversed, and the case is remanded for further proceedings.
 
 REVERSED AND REMANDED
 
 
 *
 FNBB then moved to reconsider the order and to reopen the evidence. According to the certificate of service, this motion was mailed to counsel for Rauch on July 15. The additional evidence consisted of copies of freight bills sent to Rauch by Brown. The district court denied the motion on the grounds that it was untimely, and FNBB also appeals this order. Rauch now concedes that this ruling was in error. However, in light of our decision regarding the appeal from the summary judgment order, it is unnecessary to decide the appeal from the denial of the motion to reconsider