Douglas Allen SMITH, et al., Plaintiffs,

v.

Carol S. PARHAM, Defendants.

No. CIV. A. HNM 98–1240.

United States District Court,
D. Maryland.

Nov. 23, 1999.

Matthew B. Bogin, Michael J. Eig, Holly Lynn Parker, Bogin & Eig, Washington, DC, for plaintiffs.

Eric C. Brousaides, Reese & Carney, LLP, Columbia, MD, for Carol S. Parham, the Superintendent of Anne Arundel County Public Schools, and the Board of Education of Anne Arundel County.

## MEMORANDUM

MALETZ, Senior District Judge.[1]

Plaintiffs, Douglas and Patricia Smith, have brought this action, on behalf of their son, Douglas Allen Smith, against defendants, Carol S. Parham, the superintendent of Anne Arundel County Public Schools, the Board of Education of Anne

Arundel County (collectively AACPS), and the Maryland State Department of Education[2]. The Smiths claim that the defendants violated the Individuals with Disabilities Education Act (herein IDEA), 20 U.S.C. §§ 1400 et seq., by failing to provide Douglas with a free appropriate public education (herein FAPE) for the 1997–98 school year. Defendants have filed a motion for summary judgment. After careful consideration, the motion will be granted.

### I. Background

Douglas Smith is a disabled child as defined by the IDEA, 20 U.S.C. § 1401(a)(1). He has Attention Deficit Disorder, a language learning disability and an auditory processing disability. Douglas has been receiving special education services, as required by the IDEA, since the sixth grade. By decision dated October 23, 1997, Administrative Law Judge Anita Earp Robinson held that Old Mill High School, where Douglas is enrolled, could properly implement his individualized education plan (herein IEP) for the 1997–98 school year, and that AACPS could provide Douglas with an FAPE. Thus, the Smiths' request that Douglas be placed in a non-public setting at the expense of AACPS was denied. The Smiths now appeal that decision.

### II. Summary Judgment Standard

Summary judgment is appropriate when the record indicates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir.1984). All reasonable inferences must be drawn in favor of the non-moving party, see e.g.

---

1. Of the United States Court of International Trade, sitting by designation.

2. The state defendants are no longer a party to this action as a result of Judge Legg's order, dated August 10, 1999, granting summary judgment in their favor.

*Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990); however, the opposing party cannot create a genuine issue of material fact through mere speculation and bald allegations. *See e.g. Beale v. Hardy,* 769 F.2d 213 (4th Cir.1985). Although the initial burden lies with the party requesting summary judgment, a properly supported summary judgment motion can only be defeated if the non-moving party "set[s] forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236, 240 (4th Cir.1988).

### III. *Individuals with Disabilities Education Act*

#### A. *Purpose*

The purpose of the IDEA is to assure that all children, including those with disabilities, receive a free appropriate public education (FAPE). *See* 20 U.S.C. § 1400(c). In order to provide an FAPE that is specifically tailored to meet the unique needs of the disabled child, an (IEP) must first be designed. *See* 20 U.S.C. § 1414(a)(5). The IEP is jointly developed by the child's parents, teachers and local school officials, and it must be reviewed or revised at least annually. *Id.*

■ The Supreme Court has not provided a specific formula for determining whether a child is receiving an FAPE, but it has determined that "the 'basic floor of opportunity' provided by the Act consists of access to specialized instruction and related services which are individually designed to provide educational benefit to the handicapped child." *Board of Educ. of the Hendrick Hudson Central School Dist., Westchester County, et al. v. Rowley,* 458 U.S. 176, 201, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). Further, the Supreme Court held that the Act does not require that the services provided "maximize each child's potential." *Id.* at 198, 102 S.Ct. 3034. However, the Fourth Circuit concluded, "Congress did not intend that a school system could discharge its duty under the [IDEA] by providing a program that produces some minimal academic advancement, no matter how trivial." *Hall v. Vance County Board of Educ.,* 774 F.2d 629 (4th Cir.1985).

#### B. *Review of Administrative Proceedings*

■ "[I]n reviewing administrative decisions in IDEA cases, the district court must make an independent decision based on a preponderance of the evidence, while giving due weight to the state administrative proceedings." *Sanger v. Montgomery County Board of Educ.,* 916 F.Supp. 518, 520 (D.Md.1996) (citing *Rowley,* 458 U.S. at 209, 102 S.Ct. 3034). According to *Doyle v. Arlington County School Board,* 953 F.2d 100 (4th Cir.1991), in determining the due weight to be given to the administrative findings, the district court must examine the way in which the findings were made. *Id.* at 105. If the findings were regularly made in the course of a normal fact-finding process, the findings are entitled to "prima facie correctness." *Id.* However, "[w]hen a state administrative appeals authority has departed from the fact-finding norm ... the facts so found as a result of that departure are entitled to no weight ...." *Id.* In the event that the district court does not afford the ALJ's findings prima facie correctness, the court must explain why it does not. *See Id.*

■ Furthermore, the party challenging the administrative decision has the burden of proving that such decision is erroneous. *See e.g. Barnett v. Fairfax County School Board,* 927 F.2d 146, 152 (4th Cir.1991); *Spielberg v. Henrico County Public Schools,* 853 F.2d 256, 258 n. 2 (4th Cir. 1988).

### IV. *Analysis*

Initially, the plaintiffs argue that they are entitled to present additional evidence; therefore, summary judgment is inappropriate. Plaintiffs claim that, "If a party cannot rebut the findings of the administrative law judge with additional evidence

... the process of appeal to this Court, as provided by the IDEA, would amount to no more than a rubber stamp on the decision of the State Hearing Review Board."

 Plaintiffs are quite correct that, pursuant to 20 U.S.C. § 1415(e)(2), the court "shall hear additional evidence at the request of a party." However, as Judge Motz noted in *Lapp, et al. v. Board of Educ. of Anne Arundel County,* JFM–97–484, "The IDEA does not require that the 'hearing' of the evidence be deferred until trial." In fact, in *Jones v. Board of Educ. of Washington County, et al.,* 15 F.Supp.2d 783 (D.Md.1998), Judge Blake held, and this court agrees, that when opposing summary judgment, plaintiffs need to "identify any additional evidence they might have ... to demonstrate that there exists a genuine issue of material fact." *Id.* at 786.

Although plaintiffs argue that their inability to present evidence would amount to a "rubber stamp" on the administrative decision, they fail to recognize that a plaintiff, by withholding the additional evidence until trial, would be insulated from summary judgment. Plaintiffs seek to introduce evidence of Douglas's progress since the due process hearing, claiming that "an entire school year has passed during which events have been occurring," and arguing that these events are relevant to the issues in question. However, the Smiths fail to articulate what the relevant evidence might be. It is the plaintiffs' duty to offer any additional evidence in an effort to demonstrate that a genuine issue of material fact exists; it is not the court's responsibility to suppose what additional evidence the plaintiffs may have. *See Id.* Given this background, the court finds that the Smiths' mere insistence that they have additional relevant evidence, is not enough to preclude the granting of summary judgment in favor of the defendants.

**3.** The court has not considered any of the stricken testimony in ruling on the present

### A. Counts I—IV

Plaintiffs allege that the ALJ improperly directed a verdict in favor of the defendant, contending that the ALJ was without authority to grant such a verdict. In the alternative, they argue that even if she had such authority, she erroneously considered testimony from defense witnesses when ruling on the motion. Finally, the Smiths maintain that, contrary to the ALJ's decision, they presented evidence to support each of their claims; and thus, a directed verdict was inappropriate.

In deciding these issues, it is necessary to explain, in some detail, the procedural history of the administrative proceeding. Prior to the commencement of the administrative hearing, AACPS made a motion to dismiss which was denied. Plaintiffs then began their case. However, after hearing only one witness, in an effort to accommodate the defendant, the ALJ heard testimony from several defense witnesses. The hearing then concluded for the day and resumed two weeks later, at which time AACPS continued to call several other witnesses out of turn. Ultimately, plaintiffs resumed their case with the testimony of Mrs. Smith.

At the close of plaintiffs' case, AACPS renewed its motion to dismiss, and the ALJ reserved ruling. It was then that Mary Frank, a speech therapist, took the stand and testified on behalf of AACPS. However, at the close of Frank's direct testimony, she and defense counsel informed the judge that she had to leave due to family obligations; thus, she was unavailable for cross-examination. In response, counsel for the plaintiffs argued that the testimony should be stricken. Again, the ALJ reserved ruling, and instructed the parties to proceed with closing arguments, and thereafter, adjourned the hearing. Upon issuance of her decision, the ALJ struck the testimony of Mary Frank[3], and granted defendant's

motion for summary judgment.

motion to dismiss [4].

First, the Smiths argue that the ALJ issued a directed verdict in favor of the defendants, and contend that she was without authority to make such a ruling. This contention is completely without merit. Plaintiffs claim that the Code of Maryland Regulations (herein COMAR) governing the Office of Administrative Hearings does not authorize ALJs to "dismiss a case based on the sufficiency, or lack thereof, of evidence presented by the plaintiff at a hearing," thus the regulations do not permit motions for directed verdict. Opposition to Defendant's Motion for Summary Judgment (herein Opp.) p. 2.

However, contrary to plaintiffs' reading of the regulations, COMAR 28.02.01.08 grants ALJs sweeping authority in presiding over cases within the Office of Administrative Hearings. These regulations confer, among other things, the power to: 1) "conduct full, fair, and impartial hearings;" 2) "regulate the course of the hearing and the conduct of the parties and the authorized representative;" and 3) "issue proposed or final orders as are necessary to secure procedural simplicity and administrative fairness." COMAR 28.02.01.08. Furthermore, COMAR 28.02.01.01C provides that "these regulations *supplement* the procedures required by law," and the term "law" is defined as "state and federal statutes, regulations, and relevant case law." COMAR 28.02.01.02B(6)(emphasis added). It would certainly be inconsistent for the Maryland General Assembly to grant such broad authority to ALJs, but then deny them the right to dismiss a case based on insufficient evidence.

Further, Regulation 28.02.01.08 provides that ALJs may "consider and rule upon motions in accordance with Regulation .16 . . . ." Regulation .16(A) addresses the procedural aspects of deciding motions, such as time frames for filings, while subsections B, C, and D discuss three specific types of motions (Motion to Dismiss, Motion for Summary Decision, and Motion for Postponement). Plaintiffs claim that these provisions restrict ALJs to ruling only on the three types of motions specified. However, this court concludes that plaintiffs' reading of the regulation is unduly restrictive and unsupported by the language of the regulations.

There is nothing in Regulation .16 to suggest that the three named motions are the only motions upon which an ALJ may rule, and the broad authority granted in Regulation .08 undercuts such a restrictive reading. A more reasonable interpretation of Regulation .16 is that the General Assembly, in constructing the Regulation, felt that these three motions needed to be addressed specifically. To read the Regulation in any other way, would seriously impinge an ALJ's ability to conduct an efficient hearing, because it would require that any other motion, aside from the three listed, could not be decided by an ALJ, clearly an absurd result.

There are a whole host of motions that could arise in the course of a hearing, and it would be nonsensical to prevent an ALJ, who is vested with a great amount of authority, from ruling on motions as they arise. In fact, in the present case, as a preliminary matter, the ALJ ruled on the defendants' motion to quash two subpoenas. Both sides argued the motion, and oddly, the plaintiffs never suggested that the ALJ was without authority to make such a ruling because the motion was not explicitly addressed in Regulation .16. It would have been absurd to suggest that Judge Anita Earp Robinson could not have ruled on the motion to quash, and it is equally absurd to suggest that she was without authority to grant a motion for directed verdict. Although she certainly had the authority to grant such a motion,

---

4. In her written opinion, the ALJ refers to the motion as a "Motion to Dismiss (aka, Directed Verdict)." Defense counsel, in making the motion, referred to it as a "Motion to Dismiss," while plaintiffs' counsel suggests that the motion was actually a motion for directed verdict.

the question is why she would use that authority given the facts of this case.

■ Plaintiffs contend that in granting the motion, the ALJ should have only considered plaintiffs' evidence, but instead relied on testimony from defense witnesses as well. In fact, even Judge Robinson believed that she should restrict herself to plaintiffs' evidence. She wrote, "After reviewing the evidence presented by the Parents, as it existed at the close of their case, I find that AACPS's Motion to Dismiss must be granted." [5] However, as plaintiffs correctly note, the ALJ's findings contain information that came solely from the testimony of defense witnesses [6], and they argue that it was improper for the ALJ to consider such evidence in ruling on a motion for directed verdict.

It is a puzzlement to this court that the ALJ would issue a directed verdict and in so doing, attempt to limit herself to considering only the plaintiffs' evidence. At the time she issued her opinion, the ALJ had heard all of the evidence in the case, both plaintiffs' and defendants'. Additionally, a due process hearing pursuant to COMAR 13A.05.01.15 does not take place before a jury; therefore, the ALJ is both trier of the facts and trier of the law. Given these circumstances, it is unclear why the ALJ did not simply weigh all of the evidence and make a final determination pursuant to COMAR §§ 28.02.01.08B(9); 13A.05.01.15G(2). COMAR and Title 10 of the Annotated Code of Maryland clearly delegate to ALJs the authority to hear testimony, receive evidence, and determine if the parents have proven, by a preponderance of the evidence, that the current educational placement is violative of the IDEA. Against this background, it was not necessary for the ALJ to restrict herself to

plaintiffs' evidence; therefore, her failure to do so was harmless error.

■ Finally, the plaintiffs claim that they presented evidence to demonstrate that AACPS denied Douglas an FAPE by failing to properly implement his IEP. Defendants argue that the IEP is being properly implemented and that Douglas is receiving an educational benefit at Old Mill High School; therefore, he is receiving an FAPE.

As discussed above, this court "must make an independent decision based on a preponderance of the evidence, while giving due weight to the state administrative proceedings." *Sanger,* 916 F.Supp. at 520. Further, the findings of the ALJ are to be considered prima facie correct when made in the course of the normal fact-finding process. *See Doyle,* 953 F.2d at 105. Applying these standards to this case, this court finds that the ALJ's findings are entitled to prima facie correctness, and that the Smiths have not rebutted this presumption. After reviewing the transcript and the record in its entirety, this court finds that Judge Robinson's opinion contains a clear statement of the applicable law, and well-documented findings of fact. Although plaintiffs go to great lengths in their opposition to re-state all of the evidence presented during the administrative hearing, they fail to demonstrate why the ALJs findings should be set aside, nor do they even allege that the findings were not made as part of a "normal fact-finding process." Given this background, the ALJs findings are accepted by this court.

■ Next, plaintiffs allege that the ALJ erred in applying the law to the findings of fact. They contend that Judge Robinson erroneously considered grades as the sole measure of academic progress. In *Rowley,* the Supreme Court stated that, "the

---

**5.** As noted above, Judge Robinson uses the terms "Motion to Dismiss" and "Directed Verdict" interchangeably.

**6.** The ALJ found that Douglas's teachers had each implemented the classroom modifications proposed in the IEP. Also, she found

that Douglas did "not display any signs of being more distracted than his non-disabled peers ...." Both of these findings came directly from the testimony of defense witnesses.

achievement of passing marks and advancement from grade to grade will be one important factor in determining educational benefit." 458 U.S. at 207 n. 28, 102 S.Ct. 3034. However, the Smiths are quite correct in asserting that advancement from grade to grade should not be the *only* factor considered when determining whether a child is receiving an educational benefit.

This court finds that the ALJ did not solely consider Douglas's grades and advancement in deciding that he is, in fact receiving an educational benefit at his current placement. She also found that he was not any more distracted than his non-disabled peers, an important factor considering the auditory processing disability with which Douglas has been diagnosed. Further, she found that the school had proposed more services for Douglas to help him with the transition from middle school to high school. Again, these findings are supported by the record, and they demonstrate that the ALJ considered more than just grades in determining whether Douglas is receiving an FAPE.

For all of the foregoing reasons, summary judgment is appropriate as to Counts I through IV.[7]

B. *Counts V—VII*

In their response, plaintiffs fail to address defendants' challenge of Counts V, VI, and VII. To defeat summary judgment, the plaintiffs must present specific facts to demonstrate a genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Plaintiffs failed to make the proper showing; thus, summary judgment as to Counts V—VII is appropriate.

In sum, there exists no genuine issue of material fact concerning the administrative proceeding below. The ALJ's findings of fact and conclusions of law are sound and

present no triable issue; therefore, summary judgment is granted as to all counts.

---

**7.** Plaintiffs also argued that the ALJ erred in her analysis of the entitlement to private education. However, because this court agrees

with the ALJs finding that Douglas is receiving an FAPE at his current placement, I need not reach this question.