**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-1720**

─────────────

LORENDA MOODY; CLARENCE WEEFUR,

                    Plaintiffs – Appellants,

JASON OSTENDORF,

                    Appellant,

          v.

THE ARC OF HOWARD COUNTY, INCORPORATED; DEBBIE WAGNER; NAOMI LYVERS,

                    Defendants - Appellees.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.   James K. Bredar, District Judge. (1:09-cv-03228-JKB)

─────────────

Submitted:  March 29, 2012          Decided:  April 10, 2012

─────────────

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jason Ostendorf, LAW OFFICE OF JASON OSTENDORF, LLC, Baltimore, Maryland, for Appellants.  Andrew S. Cabana, JACKSON LEWIS, LLP, Reston, Virginia, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Arc of Howard County, Inc. ("The Arc"), provides support, services, and advocacy for children and adults with developmental disabilities. Lorenda Moody and Clarence Weefur were employed by the Arc as program specialists on the Arc's Senior Day Program. They were at will employees. Following an incident in which Moody and Weefur lost track, for several hours, of a developmentally disabled senior citizen for whom they were responsible, both Moody and Weefur were terminated.

Following their termination, Weefur and Moody filed a complaint in the district court alleging that their employer engaged in age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 to 634 (2006). The complaint named as defendants The Arc, Debbie Wagner, and Naomi Lyvers.

The district court granted summary judgment to the Defendants, and after conducting a separate hearing, imposed sanctions on Plaintiffs' counsel in the amount of $5000. Weefur, Moody and counsel timely appealed. We affirm.

Appellants raise two claims: that the district court erred in granting summary judgment in favor of the Arc[*] and that the district court erred in imposing sanctions on counsel.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. United States v. Bergbauer, 602 F.3d 569, 574 (4th Cir. 2010). Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise "properly supported motion for summary judgment" will not be defeated by the existence of merely any factual dispute, no matter how minor; rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 247-48. To withstand a summary judgment motion, the non-moving

---

[*] Moody and Weefur have abandoned their claims against the individual defendants on appeal.

3

party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(c)(1); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Neither conclusory allegations, speculative scaffolding of one inference upon another, nor the production of a "mere scintilla of evidence" in support of a nonmovant's case suffices to forestall summary judgment. Id.; Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Instead, this court will uphold the district court's grant of summary judgment unless it finds that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

Absent direct evidence of intentional discrimination, Title VII and ADEA claims are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973) (disparate treatment claims under Title VII); Mereish v. Walker, 359 F.3d 330, 333-35 (4th Cir. 2004) (applying McDonnell-Douglas framework to ADEA claims). In order to state a prima facie claim of discrimination, a plaintiff must show that: he is a member of a protected class; he suffered an adverse employment action; at the time of the action, he was performing his job satisfactorily; and similarly situated employees outside the protected class were treated more

4

favorably.  McDonnell Douglas, 411 U.S. at 802; Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004).

After reviewing the record, we conclude that the district court correctly determined that Weefur and Moody failed to make a prima facie case under the McDonnell Douglas framework.  Under any assessment of the facts, they simply failed to demonstrate that they were performing their jobs satisfactorily, that similarly situated employees outside the protected class were treated more favorably, or that their age had any nexus whatsoever to their termination.

This court reviews a district court's decision regarding the imposition of Fed. R. Civ. P. 11 sanctions for abuse of discretion.  Chaudhry v. Gallerizzo, 174 F.3d 394, 410 (4th Cir. 1999).  The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation.  Cf. Cabell v. Petty, 810 F.2d 463, 467 (4th Cir. 1987) (requiring the district court to impose sanctions on remand "that will serve the essential goal of education and deterence underlying Rule 11").  The sanction must be sufficient but not more than necessary to deter similar, future conduct and may include monetary penalties. Fed. R. Civ. P. 11(c); In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990).  Our review of the record indicates that the district court did not abuse its discretion in imposing

5

sanctions; counsel, despite adequate warning of the possibility of sanctions, repeatedly pursued frivolous claims in violation of Rule 11.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED