**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――――――

**No. 11-1717**

―――――――――――――――

SOOK YOON,

               Plaintiff - Appellant,

      v.

KATHLEEN SEBELIUS, Secretary of Health and Human Services,

               Defendant – Appellee,

      and

MICHAEL LEAVITT, Secretary of Health and Human Services,

               Defendant.

―――――――――――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Charles B. Day, Magistrate Judge. (8:08-cv-03173-CBD)

―――――――――――――――

Submitted: May 17, 2012          Decided: May 31, 2012

―――――――――――――――

Before WILKINSON, KING, and FLOYD, Circuit Judges.

―――――――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――――――

Ricardo J. A. Pitts-Wiley, TULLY RINCKEY PLLC, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Melanie L. Glickson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

―――――――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sook Yoon appeals the magistrate judge's final order[*] entering summary judgment in favor of the Secretary of Health and Human Services (the "Secretary") on Yoon's claim that her employer singled her out to receive a thirty-day suspension on the basis of her race and national origin. We have reviewed the record and affirm.

We review a grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. United States v. Bergbauer, 602 F.3d 569, 574 (4th Cir. 2010). Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise "properly supported motion for summary judgment" will not be defeated by the existence of any factual dispute, no matter how

---

[*] The parties consented to the exercise of civil jurisdiction by the magistrate judge, as permitted by 28 U.S.C. § 636(c) (2006).

minor; rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 247-48. To withstand a summary judgment motion, the nonmoving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(c)(1); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Neither conclusory allegations, speculative scaffolding of one inference upon another, nor the production of a "mere scintilla of evidence" in support of a nonmovant's case suffices to forestall summary judgment. Id.; Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Instead, this court will uphold the district court's grant of summary judgment unless we find that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

To establish a prima facie case of discriminatory discipline, a plaintiff must show (1) that she is a member of a protected class, (2) that the prohibited conduct in which she engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against her were more severe than those enforced against those other employees. Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993); Moore v. City of

4

<u>Charlotte</u>, 754 F.2d 1100, 1105-06 (4th Cir. 1985).  If the plaintiff establishes a prima facie case, the burden shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the difference in disciplinary action.  <u>Cook</u>, 988 F.2d at 511.

In this case, the Secretary contends that Yoon has failed to demonstrate both that other employees engaged in similarly-serious conduct and that Yoon was punished more severely than they were.  When assessing misconduct, "precise equivalence in culpability between employees is not the ultimate question."  <u>Moore</u>, 754 F.2d at 1107.  Instead, a comparison of the relative severity of employees' misconduct can be made "in light of the harm caused or threatened to the victim or society, and the culpability of the offender."  <u>Id.</u>  Nevertheless, while any comparison "will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances,"  <u>Cook</u>, 988 F.2d at 511, "the similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful."  <u>Lightner v. City of Wilmington</u>, 545 F.3d 260, 265 (4th Cir. 2008).

Our review of the record convinces us that the Secretary is correct.  Although Yoon points to four Caucasian nurses who allegedly engaged in some degree of misconduct, she

5

has failed to demonstrate that the conduct of any of them was comparably serious to that of Yoon. Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000). Unlike Yoon, none of the purported comparators engaged in a heated argument with a doctor in front of a patient or were motivated by an insubordinate effort to supplant a doctor's medical judgment with her own. Further, there is no indication that any of the doctors involved were upset or complained about any of the alleged comparators' conduct. Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1317 n.5 (11th Cir. 2003) (purported comparator not similarly situated where doctors complained to supervisors about the plaintiff but not about her comparator). Nor is there any suggestion that any of the Caucasian nurses had any history of misconduct or had received previous reprimands, as had Yoon. See Aramburu v. Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997) (work history is a relevant factor in determining comparability).

While Yoon claims that each of her earlier reprimands was unfounded and that her thirty-day suspension was unwarranted, we have long emphasized that "it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." DeJarnette v. Corning Inc., 133 F.3d 293, 299 (4th Cir. 1998) (quoting Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960–61 (4th Cir. 1996)); see also

6

Holland v. Washington Homes, Inc., 487 F.3d 208, 217 (4th Cir. 2007).

Because Yoon has failed to identify any similarly-situated colleague who was treated differently than she was, we agree with the magistrate judge that she has failed to establish a prima facie case of disparate treatment. Accordingly, we affirm the entry of summary judgment on Yoon's claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED