72 F.3d 127
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellant,
v.
SECURITY MANAGEMENT CORPORATION, Defendant-Appellee.
 No. 95-1207.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 2, 1995.
Decided Dec. 11, 1995.
 
 ARGUED: Constantinos George Panagopoulos, BALLARD, SPAHR, ANDREWS & INGERSOLL, Washington, D.C., for Appellant.
 Michael D. Berman, KAPLAN, HEYMAN, GREENBERG, ENGELMAN & BELGRAD, P.A., Baltimore, Maryland, for Appellee. ON BRIEF: F. Joseph Nealon, Jeffrey W. Larroca, BALLARD,
 SPAHR, ANDREWS & INGERSOLL, Washington, D.C., for Appellant. Mark D. Dopkin, KAPLAN, HEYMAN, GREENBERG, ENGELMAN & BELGRAD, P.A., Baltimore, Maryland, for Appellee.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Insurance Company of North America (INA) instituted suit against Appellee Security Management Corporation (SMC), contending that SMC breached an agreement under which SMC was to indemnify INA if SMC or its subsidiaries defaulted on certain bonds. According to INA, SMC is liable because one of SMC's subsidiaries, NVF Corporation (NVF), defaulted on bonds that INA had executed on behalf of NVF's subsidiaries. After limiting discovery to the parent-subsidiary issue, the district court concluded that NVF was not a subsidiary of SMC because SMC owned less than fifty percent of NVF's shares. INA appeals the district court's grant of summary judgment in favor of SMC on the parties' cross-motions for summary judgment. We affirm.
 
 I.
 
 2
 SMC and INA executed a General Agreement of Indemnity that provided in pertinent part:
 
 
 3
 [SMC] ... desires [INA] ... to execute bonds including undertaking and other obligations, hereinafter referred to as bond or bonds, on its behalf and on behalf of any of its subsidiaries now existing or thereafter created or on behalf of any subsidiary of a subsidiary.
 
 
 4
 (J.A. 1225). The indemnity agreement provided further that should INA suffer any losses on these bonds issued on behalf of SMC or its subsidiaries, SMC would indemnify INA. Significantly, the indemnity agreement did not define the term "subsidiary," nor did it recite SMC's subsidiaries.
 
 
 5
 At approximately the same time that INA executed the indemnity agreement with SMC, INA executed similar indemnity agreements with other entities, including NVF and Sharon Steel Corporation (SSC). As with the indemnity agreement between INA and SMC, the agreements between INA and NVF and SSC obligated NVF and SSC to indemnify INA for losses sustained on certain bonds issued on "behalf [of NVF and SSC] and on behalf of any of their subsidiaries." (J.A. 1226). The parties do not dispute that SMC owns less than twenty percent of NVF; that NVF owns eighty-six percent of SSC; and that SSC owns one hundred percent of Carpentertown Coal & Coke Company (CCC).
 
 
 6
 SSC and CCC defaulted on the obligations secured by the INA bonds; accordingly, INA sought indemnification from NVF. When NVF declared bankruptcy, INA sought indemnification from SMC, which INA contended was the parent of NVF. SMC, however, refused to indemnify INA, asserting that SMC was not the parent of NVF. Consequently, INA instituted this suit, maintaining that SMC was liable for the defaults of SSC and CCC. According to INA, SMC is liable for these defaults because SSC and CCC are subsidiaries of NVF and SMC exerts practical control over NVF, despite the fact that SMC owns less than twenty percent of NVF's shares.
 
 
 7
 Conversely, SMC asserts that NVF is not an SMC subsidiary for the simple reason that SMC did not own more than fifty percent of NVF's shares. According to SMC, without the requisite ownership of a majority of shares in a corporation, there is no parent-subsidiary relationship under Maryland law, regardless of any degree of control.
 
 
 8
 Concluding that defining the term "subsidiary" as used in the indemnity agreement was dispositive in resolving this suit, the district court stayed further discovery pending a ruling on the definition of this term. Consequently, the parties filed cross-motions for summary judgment. Applying Comptroller of Treasury v. Crown Central Petroleum Corp., 451 A.2d 347 (Md.Ct.Spec.App.1982), the district court held that NVF was not a subsidiary of SMC because SMC owned less than fifty percent of NVF's shares. In granting summary judgment in favor of SMC, the district court ruled that SMC was not estopped from asserting that it was not NVF's parent based on SMC's filings with the Securities and Exchange Commission (SEC).
 
 
 9
 INA appeals, raising three issues. First, INA asserts that under Maryland law majority ownership of shares is not dispositive in determining whether a parent-subsidiary relationship exists. According to INA, the material inquiry is whether SMC exerted practical control over NVF. If permitted additional discovery on the issue of control, INA asserts that it would be able to demonstrate that SMC exerted sufficient control over NVF to consider SMC the parent of NVF. Second, INA contends that the district court erred in staying discovery, thereby precluding INA from exploring the amount of control that SMC allegedly exerted over NVF. Finally, INA posits that the district court erred in concluding that SMC was not estopped from denying that it was NVF's parent based principally upon disclosures SMC made to the SEC.
 
 II.
 
 10
 Federal Rule of Civil Procedure 56(c) requires that the district court enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To prevail on a motion for summary judgment, SMC must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). In determining whether a genuine issue of material fact has been raised, we must construe all inferences in favor of INA. See id. at 255. If, however, the evidence "is so one-sided that one party must prevail as a matter of law," we must affirm the grant of summary judgment in that party's favor. Id. at 252. INA "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." See Beale v. Hardy, 769 F.2d 213, 214 (4th Cir.1985). To survive SMC's motion, INA may not rest on its pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. See Celotex Corp., 477 U.S. at 324. As the Anderson Court explained, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Successive courts freely review a grant of summary judgment. See Cooke v. Manufactured Homes, Inc., 998 F.2d 1256, 1260 (4th Cir.1993).
 
 
 11
 The principal issue in this appeal is whether the district court properly granted summary judgment in favor of SMC, holding that under Crown, NVF was not a subsidiary of SMC. In Crown, the Court of Special Appeals of Maryland explained that, barring a particular definition of the term "subsidiary" as provided by parties to a private agreement or by the General Assembly pursuant to a statutory scheme, the common-law definition controls. See Crown, 451 A.2d at 352-53. Thus, absent a particular definition, the term "is to be given 'its ordinary and commonly-accepted meaning.' " Id. at 353 (quoting Scoville Serv., Inc. v. Comptroller of the Treasury, 306 A.2d 534, 537 (Md.1973)). Relying on standard dictionaries, legal dictionaries, and the common law, the court concluded that "the term 'subsidiary corporation' has been generally defined as 'one which is controlled by another corporation by reason of the latter's ownership of at least a majority of the shares of the capital stock.' " Id. at 353 (quoting Rimes v. Club Corp. of Am., 542 S.W.2d 909, 912 (Tex.Civ.App.1976, writ ref'd n.r.e.)) (emphasis added).
 
 
 12
 The district court thus concluded that the critical inquiry in determining whether one corporation is a subsidiary of another under Maryland law--absent any particular definition set by the parties or the General Assembly--turns on the ownership of a majority of the putative subsidiary's shares. Applying Crown, the district court concluded that NVF was not a subsidiary of SMC. First, the court noted that the parties had not defined the term in the indemnity agreement. Second, because the parties assigned no particular definition to the term subsidiary, the district court applied the common-law definition. Third, because SMC did not own a majority of the shares of NVF, the district court concluded that NVF was not a subsidiary of SMC. In so holding, the district court implicitly concluded that SMC was not estopped from asserting that SMC was not the parent of NVF. Given the dispositive ruling which defined the term "subsidiary," the district court denied further discovery as futile.
 
 
 13
 We have had the benefit of oral argument, considered carefully all of the parties' contentions, the record, and the applicable case law. We agree with the rationale and judgment of the district court. Accordingly, we affirm the judgment on the basis of the district court's reasoning. See Insurance Co. of North Am. v. Security Management Corp., No. 93-4068 (D.Md. Dec. 22, 1994).
 
 III.
 
 14
 The judgment of the district court is, in all respects, affirmed.
 
 
 15
 AFFIRMED.