**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MONTGOMERY COUNTY
ASSOCIATION OF REALTORS,
INCORPORATED,
Plaintiff-Appellee,

v.

REALTY PHOTO MASTER CORPORATION,
Defendant & Third Party
Plaintiff-Appellant,

v.

JOHN GILBERT; B. GEORGE BALLMAN;
DALE L. ROSS; SHANNON & LUCHS
COMPANY; WILLIAM ELLIS,

No. 95-2488

Third Party Defendants-Appellees,

and

DAVID K. HERMBECK; DELORES GICK;
MARTHA J. SCHMIDT; ROBERT L.
GRUEN; BARBARA STONE; GEORGE
MATHEOS; LISA TAYLOR; DONALD
MAY; BENNIE WALTON; RITA R.
ORCINO; HAROLD H. HUGGINS; JUDITH
DIFILIPPO; PATRICK KANE; JOANNE
ANDERSON; TOBY RHODES; PETER
RUCCI,
Third Party Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-90-2141-L)

Argued: June 6, 1996

Decided: July 24, 1996

Before ERVIN, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Huntington Williams, Bethesda, Maryland, for Appellant. Gregory Lee VanGeison, ANDERSON, COE & KING, Baltimore, Maryland, for Appellees. **ON BRIEF:** James A. Roth-schild, ANDERSON, COE & KING, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Realty Photo Master Corporation (RPM) appeals the district court's entry of summary judgment in favor of the Montgomery County Association of Realtors (MCAR) and Shannon and Luchs Co. on RPM's claims that MCAR and Shannon and Luchs violated section 1 of the Sherman Act, 15 U.S.C. § 1, and a Maryland antitrust statute, Md. Code Ann., Com. Law II § 11-204(a). We affirm on the reasoning of the district court.

I.

MCAR, an association of realtors, produces the "multiple listing service" (MLS), a directory of the real estate listed for sale in the

2

Montgomery County, Maryland, area. MCAR provides the MLS to its members for a fee. Before 1988, MCAR distributed the MLS in soft-bound books. The MLS books contained a description of each listing, including such information as its address, square footage, and asking price. The MLS books also contained a photograph of each listing.

In 1978, MCAR began providing a computerized version of the MLS, in addition to the MLS books. The computerized MLS is transmitted over telephone lines to MCAR's members, who access the service through personal computers. Initially, the computerized MLS contained all the information about listings that the MLS books contained, with one important exception--the computerized MLS did not contain photographs of the listings. In 1988, MCAR stopped printing the MLS books because of decreased demand for them. MCAR also began studying ways to include photographs of listings in the computerized MLS.

In 1988, RPM began selling computerized photographs of listings to MCAR members. RPM obtained a code to access the computerized MLS from an MCAR member. Using the access code, it obtained the addresses of new listings as they were added to the computerized MLS. RPM then photographed the listings, digitized the photographs, and downloaded the photographs into its customers' personal computers. RPM also provided its customers with software to integrate the photographs of listings with the descriptions of listings found in the computerized MLS.

When MCAR discovered RPM's activities, it demanded that RPM cease accessing the MLS. Additionally, Shannon and Luch's, a realty firm that is a member of MCAR, filed a complaint with MCAR, charging that a competing agent had violated MCAR's code of ethics by distributing a flyer with a photograph of a Shannon and Luchs listing. The photograph had been provided by RPM.

MCAR and RPM attempted to negotiate terms under which RPM would be allowed access to the MLS, but were unable to reach an agreement. When the negotiations failed, MCAR sued RPM for copyright infringement, unfair competition, unauthorized wiretapping, misappropriation of trade secrets, and breach of contract. RPM brought counterclaims against MCAR and claims against Shannon

3

and Luchs and other members and officers of MCAR, asserting, inter alia, that they conspired to restrain trade in violation of section 1 of the Sherman Act, 15 U.S.C. § 1, and Md. Code Ann., Com. Law II § 11-204(a). Specifically, RPM argued that it was the victim of a concerted refusal to deal, of a denial of access to an essential facility, and of an illegal tying arrangement.

In 1991, while this case was pending, MCAR announced that it had contracted with Opticom Corporation to photograph listings and integrate the photographs into the computerized MLS. RPM sought a preliminary injunction to prohibit MCAR from including the photographs in the computerized MLS. The district court denied the preliminary injunction, and this court affirmed. See Montgomery County Ass'n of Realtors, Inc. v. Realty Photo Master Corp., 783 F. Supp. 952 (D. Md. 1992), aff'd, No. 92-1300, 1993 WL 169046 (4th Cir. May 20, 1993) (unpublished), cert. denied , 114 S. Ct. 440 (1993).

Thereafter, the parties moved for summary judgment. The district court granted summary judgment in favor of MCAR and Shannon and Luchs on RPM's claims under the Sherman Act and the Maryland antitrust statute. But the district court granted RPM's motions for summary judgment on MCAR's wiretapping and misappropriation of trade secrets claims. Finally, the district court denied MCAR's motions for summary judgment on its remaining claims against RPM.

In a later order, the district court directed the entry of final judgment in favor of MCAR and Shannon and Luchs on RPM's claims under the Sherman Act and the Maryland antitrust statute. See Fed. R. Civ. P. 54(b).[1] RPM then filed this appeal.

_____

[1] The district court determined that there was no just reason to delay entering final judgment because MCAR has stated that it will abandon its remaining claims against RPM if the judgment against RPM on the antitrust claims is affirmed. See Fed. R. Civ. P. 54(b) ("[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.").

4

II.

The district court must grant a motion for summary judgment when the nonmoving party fails to demonstrate that a genuine issue exists regarding a material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(c). The nonmoving party cannot create a genuine issue of material fact by mere speculation or by building one inference upon another. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Instead, there must be evidence such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248 (1986). We review the entry of summary judgment de novo. See Cooke v. Manufactured Homes, Inc., 998 F.2d 1256, 1260 (4th Cir. 1993).

After conducting a de novo review of the record and considering the briefs and arguments of the parties, we have determined that no genuine issue of material fact exists and that this appeal is without merit. Therefore, we affirm the district court's entry of summary judgment in favor of MCAR and Shannon and Luchs for the reasons stated in the district court's opinion. See Montgomery County Ass'n of Realtors, Inc. v. Realty Photo Master Corp., 878 F. Supp. 804 (D. Md. 1995).[2]

AFFIRMED
_____

[2] Although the district court did not address the tying claim in this opinion, it did address the tying claim in its earlier order denying the preliminary injunction. We affirm the entry of summary judgment on this claim for the reasons stated in that order. See Montgomery County Ass'n of Realtors, Inc. v. Realty Photo Master Corp., 783 F. Supp. 952 (D. Md. 1992).

5