**VIRTUAL WORKS, INC., Plaintiff,**

v.

**NETWORK SOLUTIONS, INC., Volkswagen of America, Inc., and Volkswagen AG, Defendants.**

**Volkswagen AG and Volkswagen of America, Inc., Counterclaim Plaintiffs,**

v.

**Virtual Works, Inc., Counterclaim Defendant.**

**No. Civ.A. 99–1289–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Feb. 24, 2000.

William H. Bode, Bode & Beckman, L.L.P., Washington, DC, for plaintiff.

Philip L. Sbarbaro, Hanson and Moley, Washington, DC, John F. Anderson, Kathleen Holmes, Richards, McGettigan, Reilly & West, Alexandria, VA, for defendant.

## MEMORANDUM OPINION

HILTON, Chief Judge.

This matter comes before the Court on Volkswagen AG and Volkswagen of America's Motion for Summary Judgment on its Counterclaims and Virtual Works, Inc.'s Motion for Summary Judgment.

This dispute arises from the purchase and use of the internet domain name VW. NET. Virtual Works, Inc. ("Virtual Works") brought suit against Network So-

lutions, Inc. and Volkswagen of America, Inc. and Volkswagen AG ("Volkswagen"). The claims against Network Solutions, Inc. were dismissed by this Court. The remaining claim against Volkswagen is a claim of tortious interference with Virtual Works' registered domain name "VW.NET." Volkswagen brought a Counterclaim against Virtual Works for Cyberpiracy, Trademark Dilution and Trademark Infringement under the Lanham Act, 15 U.S.C. §§ 1114($l$) and 1125(a) & (c). Both parties now move for Summary Judgment on their claims.

Summary Judgment is appropriate where there is no genuine issue as to any material fact. *See* FED.R.CIV.P. 56(c). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A material fact in dispute appears when its existence or nonexistence could lead a jury to different outcomes. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party. *See id.* Mere speculation by the non-moving party "cannot create a genuine issue of material fact." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985); *See also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411–12 (4th Cir.1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the evidence presented must always be taken in the light most favorable to the non-moving party. *See Smith v. Virginia Common-*

*wealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996) (*en banc* ).

■ Following the factors set forth in the Anticybersquatting Consumer Protection Act, the Court finds that Virtual Works has attempted to profit from the trafficking of a domain name of a previously trademarked name. Under the first factor, Virtual Works has no "trademark or other intellectual property rights" in the initials "VW." Virtual Works has never registered a trademark or conducted business using those initials. Volkswagen is the only entity with any intellectual property rights in the trademark VW. As such, it is clear that under the second factor, the name VW has never been used by Virtual Works as "the legal name of the person or a name that is commonly used to identify that person." The third factor also supports Volkswagen's case because Virtual Work's use of the domain name has "created a likelihood of confusion." Under the fifth factor, the Court considers whether the domain name, VW.NET, has been used to "disparage" Volkswagen. The Court finds that references to Volkswagen as Nazis using slave labor certainly disparages Volkswagen. Under the sixth factor, the Court finds that when Virtual Works offered to sell the domain name to Volkswagen, it attempted to sell to the rightful owner for financial gain. The ninth factor refers to the "famousness" of the mark. Volkswagen's VW symbol is found to be a famous trademark.

The Court finds that Virtual Works infringed the trademark of Volkswagen. Under Fourth Circuit law, "a domain name is more than a mere internet address. It also identifies the internet site to those who reach it, much like … a company's name identifies a specific company." *Cardservice International, Inc. v. McGee*, 950 F.Supp. 737, 743 (E.D.Va.1997), *aff'd*, 129 F.3d 1258 (4th Cir.1997). The holder of a domain name should give up that domain name when it is "an intuitive domain name" that belongs to another. *See Washington Speakers Bureau v. Leading*

*Authorities*, 33 F.Supp.2d 488, 499 (E.D.Va.1999). "VW" is the "intuitive domain name" of Volkswagen.

The fact that Volkswagen and Virtual Works offer different products is irrelevant since "both parties use the Internet as a facility to provide goods and services." *Playboy Enterprises v. Asiafocus International*, 1998 WL 724000, *7 (E.D.Va.1998). *See also, Cardservice International v. McGee*, 950 F.Supp. 737, 741 (E.D.Va. 1997), *aff'd* 129 F.3d 1258 (4th Cir.1997) (similar market channels exist because "both parties are using the internet as the facility to provide their services").

Under Fourth Circuit law, evidence of actual confusion is not required but, it if present, is considered of "paramount importance" since it is "the best evidence of likely confusion." *Resorts of Pinehurst, Inc. v. Pinehurst National Corp.*, 148 F.3d 417, 423 (4th Cir.1998); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 937 (4th Cir. 1995). There has been actual confusion in this case. Virtual Works admitted that email communications directed to Volkswagen were received by Virtual Works. This evidence of actual confusion is determinative of infringement.

■ Recent case law holds that internet cyperpiracy constitutes per se trademark dilution. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1327 (9th Cir. 1998) (holding that misappropriating domain name "panavision.com" and attempting to sell that domain name to the rightful owner of Panavision mark constituted dilution). Dilution is "the lessening of a capacity of a famous mark to identify and distinguish goods and services, regardless of the presence or absence of—(1) competition between the owner of the famous mark and other parties, or (2) likelihood of confusion, mistake, or deception. 15 U.S.C. § 1127." *Washington Speakers Bureau*, 33 F.Supp.2d at 502 (E.D.Va. 1999). Courts have held that dilution may be done by "blurring" which is described

as "if the defendant uses the word as its own trademark for goods that are so different that no confusion of source or sponsorship can occur." 3 *McCarthy on Trademarks and Unfair Competition* § 24:103 at 24–188 (4th ed.1998). For example, "the use of DuPont shoes, Buick aspirin and Kodak pianos would be actionable" under the law of trademark dilution. *Washington Speakers Bureau*, 33 F.Supp.2d 488 at fn. 32. VW being associated with Virtual Works instead of Volkswagen constitutes trademark dilution. Volkswagen has experienced economic harm as a result of not being able to use VW.NET and as a result of this dilution by Virtual Works.

For these reasons, the Court finds that Virtual Works is in violation of the mark of Volkswagen and that Volkswagen is entitled to that mark under a theory of cyberpiracy. Therefore, Volkswagen's Motion for Summary Judgment for its counterclaims of trademark dilution, trademark infringement, and cyberpiracy should be granted and Virtual Works' Motion for Summary Judgment should be denied.

An appropriate Order shall issue.

### ORDER

This matter comes before the Court on Volkswagen AG and Volkswagen of America's Motion for Summary Judgment and Virtual Works, Inc.'s Motion for Summary Judgment. For reasons stated in accompanying Memorandum Opinion, it is

ORDERED that

(1) Volkswagen's Motion for Summary Judgment is GRANTED,

(2) Virtual Work, Inc.'s Motion for Summary Judgment is DENIED, and

(3) counsel shall appear before the Court on March 10, 2000 to determine further relief that may be appropriate.