MITCHELL, BEST & VISNIC, INC., Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY CORP., et. al. Defendants.

Civil Action No. AW–00–986.

United States District Court, D. Maryland.

Nov. 22, 2000.

---

Mitchell J. Rotbert, and Rotbert & Associates, LLC, North Potomac, MD, for Plaintiff.

Kathleen A. Birrane, and Kramon & Graham, P.A., Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court is Plaintiff Mitchell, Best & Visnic, Inc.'s ("MBV") Motion for Partial Summary Judgment as to their complaint and Defendants Travelers Property Casualty Corp., et. al.'s ("Travelers"), Cross–Motion for Summary Judgment of Plaintiff's complaint. Oppositions were filed by both parties, and replies were filed by Plaintiff and Defendant. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). For the reasons discussed below, the Court will deny Plaintiff's Motion for Partial Summary Judgment and grant Defendant's Cross–Motion for Summary Judgment.

## BACKGROUND

The material facts in the present case are undisputed. Travelers issued a primary and excess general liability policy to MBV under which MBV was covered from January 1, 1998 through January 1, 1999. Under the terms of the policy, Travelers agreed to pay those sums that MBV became legally obligated to pay as damages because of "bodily injury" or "property damage." Travelers also had the right and duty to defend any "suit" seeking those damages. Travelers, at their discretion, could investigate any "occurrence" and settle any claim or "suit" that may result. "Property damage" is defined by the insurance policy as "(a). Physical injury to tangible property, including all resulting loss of use of that property, or (b). Loss of use of tangible property that is not physically injured."

MBV was subsequently sued in three separate matters in Montgomery County Circuit Court. On December 30, 1998, an action for declaratory relief was filed by MBV and other Plaintiffs against Kodor Associated Limited Partnership ("Kodor"). On January 4, 1999, Kodor filed a separate action for declaratory relief and injunctive relief against MBV and other defendants. On February 26, 1999 Kodor filed a Counterclaim in the declaratory relief action commenced by MBV. The Circuit Court for Montgomery County consolidated the Kodor and MBV actions. Finally, on January 13, 2000, Co–Plaintiffs Robert Kamba and Dawn Hackney filed a Crossclaim against MBV in the consolidated case.

The claims of the consolidated case arise out of the proper interpretation of restrictive covenants that govern the construction of homes in Potomac Hunt Acres, a subdivision owned by the Livingston Family limited Partnership ("Livingston"). MBV acts as Livingston's sales agent in Potomac Hunt Acres and is the builder of several custom homes that are under construction on lots that have been purchased within the subdivision.

On February 11, 2000, Travelers issued a written statement to MBV, whereby it declined to defend MBV in its defense of the Kodor claims. On March 9, 2000, Travelers, again, provided MBV with a denial letter, refusing to defend MBV against the Crossclaim of Kamba and Hackney. On April 6, 2000 MBV filed the present suit against Travelers asking this Court to declare that Travelers had a duty to defend MBV in the underlying suits, and that MBV is entitled to damages in the amount of attorney fees and damages as a result of defending itself in the underlying action. Furthermore, MBV has asserted a number of tort claims against Travelers, including: breach of fiduciary duty, breach of duty of due care and good faith, unfair trade practices constituting wrongs, intentional misrepresentation in sale of polices, intentional misrepresentation in claims handling, and negligent misrepresentation in sale of policies and in claims handling.

## STANDARD FOR SUMMARY JUDGMENT MOTION

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in its favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transportation, Inc.,* 152 F.3d 326, 330–31 (4th Cir.1998); *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). To defeat such a motion, the party opposing summary judgment must present evidence of specific facts from which the finder of fact could reasonably find for him. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (citations omitted). Accordingly, in determining whether genuine and material factual disputes exist, the Court has reviewed the memorandums and the exhibits attached thereto, construing all facts, and all reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## DISCUSSION

### I Counts I & II: The Contract Claims

Under Maryland law, an insurance company has an affirmative obligation to defend the insured when there exists a potential that the claim could be covered under the policy. *Warfield–Dorsey Company, Inc. v. Travelers Casualty & Surety Company of Illinois,* 66 F.Supp.2d 681 (D.Md.1999). In determining whether the insurer has a duty to provide the insured with a defense in a tort suit, the Court is to examine: (1) what is the coverage and what are the defenses under the terms and requirements of the insurance policy? (2) do the allegations in the tort action potentially bring the tort claim within the policy's coverage? *St. Paul Fire & Marine Insurance Co. v. Pryseski,* 292 Md. 187, 438 A.2d 282 (1981). The first question deals with the language and requirements

of the insurance policy while the second question focuses on the allegations in the underlying suit. *Id.* at 193, 438 A.2d 282. In the present case, the Plaintiff is able to satisfy the second prong of the *Pryseski* test, but cannot satisfy the first prong.

 Under the second prong of the *Pryseski* test, if some of the claims against an insured fall within the terms of coverage, the insurer must still defend the entire claim. *Id.* at 688. The underlying lawsuit against the insured need only allege action that is potentially covered by the policy, no matter how attenuated, frivolous, or illogical that allegation may be. *Sheets v. Brethren Mutual Insurance Company*, 342 Md. 634, 679 A.2d 540 (1996). MBV's insurance policy covered "property damage," that was caused by an "occurrence," that takes place in the "coverage territory," and occurs during the policy period. An "occurrence" is defined by the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Typically, insurance policies that cover damages caused by an "accident" do not cover damages which are the natural and probable consequences of negligent acts. *Id.* at 647, 679 A.2d 540. The Travelers insurance policy is no different. In the underlying suit, the Cross and Third Party Complaint against MBV contains a claim for Negligent Misrepresentation by MBV and Livingston (Count IV). (Plaintiff's Exhibit F). Negligent misrepresentation has been determined by Maryland courts to be an "accident" and therefore falls under the term "occurrence" under the Defendants' policy. *Id.* at 652, 679 A.2d 540. Therefore, the underlying complaint has the potential to be covered by the insurance policy.

 Travelers argues that they have no duty to cover the potential damages that MBV could suffer, because those damages will not occur during the policy period. The only damages that Travelers would potentially have to cover, based on the underlying suit, are deconstruction costs, if the houses that are under construction need to be modified, and costs associated with regrading and resurveying the land. This is not a situation where MBV may potentially have to pay damages for events that have occurred, but rather, the damages, if they occur, will happen in the future. Since the damages, if they occur, will happen in the future, Travelers argues that they have no duty to pay since the damages would occur outside of the coverage period. The language of the insurance contract does not support Travelers argument. Again, "property damage" is defined by the policy as "(b). Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it." The second sentence of the "property damage" definition states clearly that the loss, or in the present case, potential loss, must occur at the time of the "occurrence." In order for MBV to be covered by the policy, the "occurrence" must take place during the coverage period. The "occurrence" in the present case is the alleged negligent misrepresentation by MBV and Livingston as stated in count IV of the underlying suit. The negligent misrepresentation or "occurrence" took place during the time that MBV was covered by the Travelers' insurance policy. The potential damages of deconstruction of partially built homes and regrading and resurveying land would be directly connected to the occurrence. Therefore, MBV was covered by Travelers at the time of the alleged damage.

 While this Court is satisfied that the allegations contained in the underlying suit fall within the insurance policy's coverage, MBV must also show that they are covered under the terms and requirements of the policy. Specifically, Travelers argues that the underlying complaint does not state any claims for "bodily damage" or "property damage." Therefore, since Travelers is only obligated to pay damages related to "bodily injury" or "property damage," they have no duty to defend

MBV in the underlying suit. Besides the deconstruction of the partially built homes and the cost to resurvey and regrade the property, the underlying complaint seeks only declaratory judgment and specific performance with respect to the conflicting covenants. Travelers argues that the home deconstruction and the resurvey and regrading costs do not constitute "property damage" as defined under the policy.

Alternatively, Plaintiff argues that if the partially built homes need to be deconstructed and rebuilt as smaller homes to conform with a new covenant, then the residents will have obstructed views from their homes caused by the already existing larger homes. This obstructed view will constitute a loss of enjoyment, which, Plaintiff argues, is a property damage. Both Maryland and the Fourth Judicial Circuit are silent as to whether loss of enjoyment is considered "property damage" under a standard commercial general liability insurance policy.

The Third and Sixth Judicial Circuits have adopted a market value test in order to help determine whether something constitutes "property damage." *Capitol Reproduction Inc., v. Hartford Insurance Company*, 800 F.2d 617 (6th Cir.1986). In *Capitol*, the defendants to the underlying suit were accused of improper placement of sewage lines. The improper placement was alleged to have caused property damage, even though the building itself was not damaged, nor was there a loss of use. The *Capitol* court chose not to determine whether there was tangible injury to the land or intangible injury to the lands intended use, but rather did the property suffer a loss in value because of the improper placement of sewage lines. *Id.* at 621.[1] This Court believes that applying the market value test adopted by the Third and Sixth Circuits in the present

case would be too speculative. There has been no evidence presented to this Court which shows the value of the land as it currently is and the value of the land if the covenant is changed on the land. All this Court knows is that the land would stay the same no matter which covenant applied to the property. The only variable is what type of home would be on the land.

Plaintiff has cited to this Court a State of Washington case, in which the court determined that obstruction of view impairs the "beneficial use and enjoyment of tangible property," and is subject to "coverage under a 'pure loss of use' definition of property damage." *Prudential Property and Cas. Ins. Co. v. Lawrence*, 45 Wash. App. 111, 724 P.2d 418, 422 (1986). However, this Court finds the *Guelich v. American Protection Insurance Company* case to be more analogous to the present case.[2] In *Guelich*, the defendant in the underlying suit was in the process of building a home, when a neighbor filed suit claiming that the house being built blocked the neighbor's view. *Id.* at 537. The defendant in the underlying suit was covered by American Protection Insurance Company, in which, the policy's definition of "property damage" was the same as in the present case before the Court. The *Guelich* court concluded that loss of view alleged in the underlying suit was a potential damage to an intangible property. The court went on to say that, "Loss of use of a view does not constitute property damage as defined in the American policy. The view obstruction suit does not allege physical injury to tangible property." *Id.* at 538. The *Guelich* court noted the important distinction between the insurance policy from American and the insurance policy in the *Lawrence* case. The insurance policy in the *Lawrence* case did not include the word "tangible" in its definition of "property

---

1. The *Capitol* Court also noted that other courts require direct evidence that the defective component resulted in a decrease in the end product's value and that this decrease was not solely attributed to the decrease in the value of the defective component. *Id.* at

622, FN2; See *Pittway Corp. v. American Motorists Ins. Co.*, 56 Ill.App.3d 338, 13 Ill.Dec. 244, 370 N.E.2d 1271 (1977).

2. 54 Wash.App. 117, 772 P.2d 536 (1989).

damage." The wording of the insurance policy in *Guelich* is the same as the wording of Travelers' policy with MBV. Therefore, this Court believes that the underlying complaint's claim of obstruction of view does not constitute "property damage" as defined by the Travelers insurance policy. Travelers was under no duty or obligation to defend MBV in its underlying suits because the claims did not fall under the terms and defenses of the insurance policy.

In deciding that loss of enjoyment, caused by the obstruction of a view, is not "property damage," this Court is following the trend of Maryland law in defining property damage. Insurance treatises generally define "property damage" as either physical injury to tangible property which occurs during the policy period or loss of use of tangible property which has not been physically injured provided such loss of use is caused by an occurrence during the policy period. 9 Couch on Ins. § 126:35 (3d ed.). Maryland courts have previously ruled that "economic losses alleged must result from physical injury to tangible property." *Sting Security, Inc. v. First Mercury Syndicate, Inc.*, 791 F.Supp. 555 (1992). Additionally, in cases that have involved hazardous waste cleanup, the cost incurred to clean up the land or to further prevent damage has not constituted "property damage" under similarly worded insurance policies. See *Travelers Indemnity Co. v.. Allied–Signal, Inc.*, 718 F.Supp. 1252 (D.Md.1989); *Mraz v. Canadian Universal Insurance Company, Limited*, 804 F.2d 1325 (D.Md.1986). In essence, what the underlying complaint is asking for are damages in the event that the land must be cleaned up to conform to a new covenant. However, the economic damages that MBV faces in the underlying complaint are not to tangible property, and therefore do not fall under the coverage of the Travelers' policy. Because the underlying suit does not qualify for coverage under Travelers' policy, Plaintiff's Motion for Partial Summary Judgment is denied

and Defendants' Motion for Summary Judgment on counts I and II will be granted.

## II Counts III–VIII: The Tort Claims.

In counts III through VIII, MBV alleges tort claims against Travelers on the basis of Travelers denial of defending MBV in the underlying suits. The insurance policy between Travelers and MBV is nothing more than a contract. "A contractual obligation, by itself, does not create a tort duty. Instead, the duty giving rise to a tort action must have some independent basis." *Mesmer v. Maryland Automobile Insurance Fund*, 353 Md. 241, 253, 725 A.2d 1053 (1999). See *Wilmington Trust Co. v. Clark*, 289 Md. 313, 328–329, 424 A.2d 744 (1981). MBV attempts to establish an independent duty owed by Travelers by claiming the Travelers has failed to comply with the Unfair Claim Settlement Practices Subtitle of Md.Code Ann., [Ins.] § 27–301, *et. seq.* In § 27–303, unfair claim settlement practices are listed with regards to insurers. Examples of unfair claim settlement practices included: misrepresenting pertinent facts or policy provisions that relate to the claim or coverage at issue, refusal to pay a claim for an arbitrary or capricious reason based on all available information, failure to settle a claim promptly whenever liability is reasonable clear under one part of a policy, in order to influence settlements under other parts of the policy, and failure to provide promptly, on request, a reasonable explanation of the basis for a denial of a claim.[3] MBV has not provided this court with any evidence of unfair claim settlement practices, merely bald allegations. All MBV has shown is that Travelers denied coverage to MBV after analyzing the three complaints that MBV was involved in. Maryland courts have held that a liability insurer's breach of an insurance contract by erroneously disclaiming coverage gives rise to only a breach of contract action. *Mesmer* at 257, 725 A.2d 1053. In this

---

3. Md.Code Ann., [Ins.] § 27–303 (1999 Suppl.)

particular case, as has been explained by the Court, Travelers did not even act erroneously in denying coverage for the underlying suit because it did not constitute "property damage" under the policy. This Court will grant Defendant's Motion for Summary Judgment as to counts III through VIII, as a matter of law, because the claim only involves a contractual obligation, not a tort duty.

## CONCLUSION

The underlying complaint in the present case does not present a potential claim for "property damage" as defined by the insurance policy because the only monetary claims deal with loss of enjoyment due to a potential obstructed view. This is intangible property damage, not tangible property damage. Therefore, the Court will deny Plaintiff's Motion for Partial Summary Judgment as to counts I and II, and grant Travelers' Motion for Summary Judgment on those same counts. Furthermore, the Court will grant Travelers' Motion for Summary Judgment as to counts III through VIII because the underlying facts give rise to only a breach of contract claim. There is no tort duty established by the Plaintiff. An Order consistent with this opinion will follow.