CHUNG SHIN, Plaintiff,

v.

Donna SHALALA, Secretary of the Department of Health and Human Services Defendant.

No. Civ.A. AW–99–916.

United States District Court,
D. Maryland,
Southern Division.

April 13, 2001.

Diane Bodner Duhig, Swick & Shapiro, Washington, DC, for plaintiff.

Mythili T. Raman, U.S. Attorney's Office, Greenbelt, MD, for defendant.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court is Defendant's Motion to Dismiss, or in the alterna-

tive, Motion for Summary Judgment. With an opposition having been filed by Plaintiff Chung Shin ("Shin") and a reply filed by Defendant, the motion is ripe for resolution. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). Upon consideration of the motion and opposition thereto, and for the reasons stated below, the Court will treat Defendant's motion as a Motion for Summary Judgment and grant said motion.

### BACKGROUND

Plaintiff, Chung Shin, is a Korean–American man who is employed by the Defendant, U.S. Department of Health and Human Services ("DHHS"). He is currently a Management Analyst (Team Leader) GS–343–14. Since 1993, Shin has applied for three announced GS–15 vacancies. Shin's claim in the instant case concerns his non-selection for the latest vacancy in 1996 for a position as Manager, Special Initiatives, Program Support Center. The Complaint alleges that Plaintiff was not promoted to this GS–15 level managerial position despite the fact that he was more qualified than others being considered. Plaintiff claims he was ultimately denied the promotion to the position because of his race and national origin in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII").

Defendant previously filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The Court, on September 24, 1999 granted Defendant's motion. Plaintiff appealed this Court's decision. On April 24, 2000, by an unpublished per curiam opinion, the United State Court of Appeals for the Fourth Circuit vacated and remanded this Court's decision on the Motion to Dismiss.

Presently before the Court is Defendant's Motion to Dismiss, or in the alterna-

tive, Motion for Summary Judgment. Discovery is complete in the above captioned case and the record has been developed. In deciding the present motion, this Court used materials outside the pleadings that were submitted by both parties. Because materials outside the pleadings were considered by this Court, the Court has moved past the allegations contained in the complaint and the present motion. Therefore, it is appropriate to treat the pending motion as a Motion for Summary Judgment. *See* Fed.R.Civ.P. 12(b); *see also Finley Lines Joint Protective Bd. v. Norfolk S. Corp.*, 109 F.3d 993, 995–96 (4th Cir.1997).

## *DISCUSSION*

### I. *Standard of Review for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in its favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transportation, Inc.*, 152 F.3d 326, 330–31 (4th Cir.1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). To defeat such a motion, the party opposing summary judgment must present evidence of specific facts from which the finder of fact could reasonably find for him. *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (citations omitted). Accordingly, in determining whether genuine and material factual disputes exist, the Court has reviewed the memorandums and the exhibits attached thereto, construing all facts, and all reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### II. *Plaintiff's Title VII Claim*

Plaintiff's complaint alleges that Defendant intentionally violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 *et seq*, by discriminating against Plaintiff because of his race and/or national origin. In order to establish a disparate treatment claim, the Plaintiff must show that he was discriminated against because of his race and/or national origin. There are two methods of showing discriminatory intent: "pretext cases" which rely upon circumstantial evidence and "direct evidence" cases, which as the name implies, relies upon direct evidence. Plaintiff has not presented to this Court any direct evidence of Defendant's discrimination of the Plaintiff due to his race and/or national origin. Instead the Plaintiff has attempted to establish a claim of discrimination through circumstantial evidence. The formula for showing discrimination through circumstantial evidence was enumerated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). First, the Plaintiff must establish, by a preponderance of the evidence, a *prima facie* case of discrimination. *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir.

1997). In order for the Plaintiff to establish a *prima facie* case of discrimination because of his race and/or national origin, it must be shown that (1) he is a member of a protected group; (2) there was an open position for which he applied; (3) he was qualified for the position; and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination. *Amirmokri v. Baltimore Gas and Elec. Co.*, 60 F.3d 1126, 1129 (4th Cir. 1995). Once the Plaintiff has established a prima facie case, the burden or production shifts to the Defendant, who must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000) (Quoting *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). Once the Defendant offers a legitimate nondiscriminatory reason, the Plaintiff may present evidence suggesting that the employer's proffered reason was false, thereby causing the inference that the employer unlawfully discriminated. *Id.*

Looking at all evidence in the light most favorable to the Plaintiff, as the nonmoving party, Mr. Shin is able to establish a prima facie case of race and/or national origin discrimination. Mr. Shin is Asian and was born in Korea before he came to the United States. Mr. Shin applied for the position of Special Initiatives Manager, PSC, GS–201–15, under Vacancy Announcement No. PSC–96R–98. Plaintiff's Complaint, ¶ 11. Plaintiff was clearly qualified for the position as shown by the certificate of eligibles prepared by Defendant for the job opening. Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, Exhibit # 1. Mr. Shin was rated, along with other applicants as one of the best qualified for the position. Finally, Plaintiff alleges that he was rejected by the Defendant for the position in a manner that gives rise to an inference of unlawful discrimination. The vacant position went to Steven Seward, a white male. Mr. Shin alleges that he is far more qualified for the position than Steven Seward. Furthermore, Mr. Shin alleges that there is a shortage of Asian employees at the GS–15 level and above.

Because the Plaintiff has established a *prima facie* case of race and/or national origin discrimination, the Defendant must put forth legitimate nondiscriminatory reasons for hiring Steven Seward. The Defendant puts forth a number of reasons for not hiring Mr. Shin. Defendant, in selecting someone for the position of Special Initiatives Manager, was concerned with who would be better able to switch the agency to a fee-for-service organization. Additionally, the Defendant was concerned with selecting a candidate who had extensive experience in the payroll and personnel areas. The Defendant believed that Steven Seward had much more managerial experience than Mr. Shin. Finally, there have been complaints about Plaintiff's job performance from his previous supervisors, including receiving a "satisfactory" rating on his last review.[1] This is in contrast to Steven Seward's last review where he received an "outstanding" performance and has no complaints about job performance from previous supervisors. Defendant has presented evidence to this Court corroborating their legitimate nondiscriminatory reasons for hiring Steven Seward. Mr. Seward's name was also on the best qualified list on the certificate of eligibles. Id. Mr. Seward had received a bachelor's degree in business ad-

---

**1.** The Federal government uses a five level rating system with "Outstanding" as the highest rating, "Excellent" as the second highest, and "satisfactory" as the mid level rating.

ministration, as well as a Master's degree in Business Administration. A number of Seward's previous positions at the Department of Health and Human Services (DHHS) have included supervisory responsibilities. Finally, Seward had received an "outstanding" rating from his supervisor before being chosen for the Special Initiatives Manager position. By contrast, Plaintiff received his undergraduate degree in political science. He also did some post-graduate course work in management information systems and health care administration, however, he did not receive a post-graduate degree. Plaintiff also received unfavorable recommendations from previous supervisors while being considered for the Special Initiatives Manager position. Job performance and relative employee qualifications are "widely recognized as valid, non-discriminatory bases for any adverse employment decision." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir.1996). Where the person who received the job is more qualified than the applicant, this constitutes a legitimate nondiscriminatory basis for its decision. *Patterson v. McLean Credit Union*, 491 U.S. 164, 170, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir.1994). The evidence presented by Defendant to this Court shows that Seward had a better business and supervisory background than the Plaintiff, as well as a better job performance rating than the Plaintiff.

■ Since the Defendant has articulated a legitimate, nondiscriminatory reason for hiring Mr. Seward over the Plaintiff, Mr. Shin is entitled to the opportunity to show that the Defendant's stated reason is pretextual. *Reeves*, 120 S.Ct. 2097. The Plaintiff in the instant case is unable to meet its ultimate burden of persuasion. Plaintiff, in their opposition to the motion, states that there is ample evidence showing that Defendant's articulated non-discriminatory reasons were pretextual. Unfortunately, Plaintiff fails to provide any of that evidence. When asked during his deposition what evidence he had of race and/or national origin discrimination, the Plaintiff replied:

> Well, if you look at it, when I was rejected for that position (Special Initiatives Manager), I could not find any other reason than the Asian–American and Korean nationality, because number one, I felt that I am far superior than Mr. Seward in terms of qualifications, knowledge and experience. What else is there that they—they bypass me? And on top of it, when I look at the—their trends of selecting all these employees, I felt that that [sic] has to be the only reason.

Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, Exhibit # 4 at pg. 29. Plaintiff is unable to proffer any other reason for his non-selection except for his race and nationality because he believes that he is better qualified for the position. A majority of the Plaintiff's contentions are based upon his own belief and perception that he is more qualified than Seward and that the Defendant needed his experience for the position, not the experience of Seward. Plaintiff, however, has not attempted to distinguish his managerial skills or business experiences with that of Mr. Seward. Plaintiff has not shown, other than his bald allegations in the pleadings, that he was a better, more qualified candidate. The Plaintiff must show the Court some evidence that he was better qualified for the position sought. *Evans* at 960. The Supreme Court has held that a "mere ... scintilla of evidence" will not defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At best, Plaintiff has shown that he should have been considered for the Special Ini-

tiatives Manager position, but not that he was the most qualified.

The Plaintiff has also asserted that there are virtually no Asian–Americans or Koreans in GS–15 or higher positions. Typically, a plaintiff would meet their ultimate burden by introducing evidence that similarly situated persons outside of the protected class were treated differently. Also, the Plaintiff could submit statistical evidence of the under representation of Asian–Americans and Koreans in GS–15 and higher positions. However, Plaintiff has not submitted any evidence of this type to the Court. Again, the pleadings contain bald allegations that there are a scant number of Asian–Americans and Koreans in high level government position, but there is no evidence to back up such as allegation. Unsubstantiated allegations will not help the Plaintiff meet their ultimate burden of persuasion. *Id.* The Plaintiff has not been able to show this Court that the Defendant's articulated nondiscriminatory reasons are pretextual. Therefore, the Defendant's Motion for Summary Judgment will be granted.

### *CONCLUSION*

This Court will grant Defendant's Motion for Summary Judgment of the Plaintiff's complaint. Although Plaintiff is able to establish a prima facie case of race and/or nationality discrimination, Defendant has articulated several legitimate nondiscriminatory reasons for choosing Mr. Seward over the Plaintiff. Plaintiff has not been able to show the Court that the Defendant's proffered reasons are pretextual and false. A separate Order consistent with this Opinion will follow.