**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2442

JOHN W. TUTTLE,

              Plaintiff - Appellant,

       v.

JOHN M. MCHUGH, Secretary, Department of the Army Agency,

              Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   James C. Turk, Senior
District Judge.  (7:10-cv-00219-jct)

Submitted:  November 15, 2011      Decided:  December 9, 2011

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John M. Loeschen, LOESCHEN LAW FIRM, Roanoke, Virginia, for
Appellant.  Sara Bugbee Winn, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John W. Tuttle appeals the district court's entry of summary judgment on his claim that the Appellee retaliated against him in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C.A. §§ 621-34 (West 2008 & Supp. 2010). We affirm.

Tuttle first takes issue with the district court's decision to construe the Appellee's motion to dismiss as a motion for summary judgment. In this respect, the Federal Rules of Civil Procedure provide that, if matters outside the pleadings "are presented to and not excluded by the court" in conjunction with a motion under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Because the conversion of a motion to dismiss depends upon the district court's decision whether to exclude from its consideration matters outside the pleadings, see Finley Lines Joint Protective Bd. v. Norfolk Southern Corp., 109 F.3d 993, 996-97 (4th Cir. 1997), the choice to construe a motion to dismiss as a motion for summary judgment is reviewed for abuse of discretion. Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998). See also Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

A district court need not give formal notice of its intent to treat a motion to dismiss as one made under Rule 56,

2

so long as the parties have sufficient notice that the motion could be so construed.  Laughlin, 149 F.3d at 261 ("A cursory glance at the Federal Rules of Civil Procedure, as well as Laughlin's own filings, make clear that the motion before the court could be treated as a motion for summary judgment."). However, even if the parties have notice that the motion could be converted by the court, they are entitled to "a reasonable opportunity" to present material that is relevant to a converted motion to dismiss.  Fed. R. Civ. P. 12(d); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471-72 (4th Cir. 1991).  Apposite to this entitlement, Rule 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1)  defer considering the motion or deny it;
>     (2)  allow time to obtain affidavits or declarations or to take discovery; or
>     (3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Where a party possesses sufficient notice that the motion to dismiss may be treated as a motion for summary judgment, its failure to file a motion under Fed. R. Civ. P. 56(d) suggests that its opportunities for obtaining discovery were not inadequate.  Laughlin, 149 F.3d at 261; Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995).

        In the instant case, we conclude that Tuttle had abundant notice that the court could well construe the motion as

one seeking summary judgment rather than dismissal. See Laughlin, 149 F.3d at 260-61; Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). Nevertheless, Tuttle at no time objected to the Appellee's attachment of exhibits to the motion. Nor did Tuttle file a Rule 56(d) motion. Accordingly, we conclude that Tuttle had a reasonable opportunity to seek additional discovery but simply failed to avail himself of it. Nguyen, 44 F.3d at 242. We therefore decline to hold that the district court erred in construing the Appellee's motion as a motion for summary judgment.

Tuttle next contends that, even if the Appellee's motion was properly construed as a motion for summary judgment, the district court erred in entering summary judgment against him on his retaliation claim. This court reviews a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. United States v. Bergbauer, 602 F.3d 569, 574 (4th Cir.), cert. denied, 131 S. Ct. 297 (2010). Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

4

party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise "properly supported motion for summary judgment" will not be defeated by the existence of merely any factual dispute, no matter how minor; rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 247-48. To withstand a summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(c)(1); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Neither conclusory allegations, speculative scaffolding of one inference upon another, nor the production of a "mere scintilla of evidence" in support of a nonmovant's case suffices to forestall summary judgment. Id.; Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Instead, this court will uphold the district court's grant of summary judgment unless it finds that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

To establish a prima facie case of unlawful retaliation under the ADEA, a plaintiff is required to show that: (1) he engaged in protected activity; (2) an adverse

employment action was taken against him by the defendant; and (3) there was a causal connection between the protected activity and the adverse action. Laber v. Harvey, 438 F.3d 404, 432 (4th Cir. 2006) (en banc); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998). Protected activity under the statute includes making a charge of discrimination to the Equal Employment Opportunity Commission. See 29 U.S.C.A. § 623(d); Laughlin, 149 F.3d at 259. The plaintiff's failure to establish a prima facie case of retaliation warrants the issuance of summary judgment in the defendant's favor. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274-75 (4th Cir. 1995).

Once the plaintiff has established his prima facie case, the burden shifts to the defendant to put forth a legitimate, nondiscriminatory reason for the action taken. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Lettieri v. Equant Inc., 478 F.3d 640, 651 (4th Cir. 2007). If the defendant makes this showing, the plaintiff must then show by a preponderance of the evidence that the proffered reason is only a pretext for retaliation. See Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). The plaintiff's burden to establish pretext merges with his ultimate burden of persuasion, which remains with the plaintiff throughout the McDonnell Douglas framework. Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2348 (2009); Lettieri, 478 F.3d at 646-47.

6

In this case, Tuttle, an Information Technology Specialist employed by the United States Army, filed an age discrimination complaint with the EEOC in 2008, and later applied for and was not selected as a Supervisory Information Technician Specialist (the "supervisory position"). Tuttle now contends that the Appellee retaliated against him on the basis of his first EEOC complaint by using only the Army's automated recruitment system, RESUMIX, to fill the supervisory position instead of relying on other recruiting methods that would have been more favorable to Tuttle.

Although Tuttle asserts that the record contains sufficient evidence to generate a genuine issue of material fact on his retaliation claim, our review of the record convinces us otherwise. Certainly, the record reflects that RESUMIX need not be used in every instance. But the record also contains evidence — entirely uncontroverted by Tuttle — that the alternative recruitment methods identified by Tuttle could not have been used to fill the supervisory position that Tuttle desired. Moreover, the record is absolutely bereft of evidence tending to show that RESUMIX was used in this instance for the purpose of eliminating Tuttle from contention.

In sum, Tuttle has propounded no evidence suggesting either that non-RESUMIX recruitment methods were available to fill the supervisory position or that the Appellee's use of the

7

concededly-age-neutral RESUMIX system was somehow linked to antagonism stemming from his first EEOC complaint. <u>Price</u>, 380 F.3d at 212. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

<u>AFFIRMED</u>