**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1541**

PATRICE L. TAVERNIER,

Plaintiff - Appellant,

v.

HEALTH MANAGEMENT ASSOCIATES, INC.; CHESTER HMA, LLC,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Margaret B. Seymour, Chief District Judge. (0:10-cv-01753-MBS)

Submitted: November 7, 2012          Decided: December 10, 2012

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lovic A. Brooks, III, BROOKS LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Jeffrey A. Lehrer, FORD & HARRISON LLP, Spartanburg, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrice Tavernier appeals the district court's order adopting the magistrate judge's recommendation and entering summary judgment in favor of Health Management Associates, Inc., ("HMA") on Tavernier's employment discrimination claims. Although the district court disposed of several species of discrimination claims raised by Tavernier, Tavernier challenges only the entry of summary judgment on her claim that HMA's conduct violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-34 (West 2008 & Supp. 2012). We affirm.

We review a grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the nonmoving party. United States v. Bergbauer, 602 F.3d 569, 574 (4th Cir. 2010). To withstand a summary judgment motion, the nonmoving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(c)(1); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Neither conclusory allegations, speculative scaffolding of one inference upon another, nor the production of a "mere scintilla of evidence" in support of a nonmovant's case suffices to forestall summary judgment. Id.; Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Instead, we will uphold the district court's grant

2

of summary judgment unless we find that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

The ADEA forbids an employer to take an adverse employment action against an employee "because of" the employee's age. 29 U.S.C.A. § 623(a)(1); Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004) (en banc). A plaintiff bringing a disparate-treatment suit pursuant to the ADEA must prove that age was not merely a motivating factor of the challenged adverse employment action but was in fact its "but-for" cause. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 180 (2009). To do so, the plaintiff may either present direct or circumstantial evidence of the employer's impermissible motivation or proceed under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973). Gross, 557 U.S. at 175 n.2; Hill, 354 F.3d at 284.

Tavernier, who claims that HMA forced her to retire as the CEO of a hospital because of her age, trains the bulk of her appellate arguments upon the district court's application of the McDonnell Douglas scheme to her claims. See Hill, 354 F.3d at 285 (detailing the applicable framework). Despite Tavernier's assertions otherwise, we conclude that HMA articulated a

3

legitimate, age-neutral reason for Tavernier's separation from HMA's employ: namely, the desire of Tavernier's supervisor to fashion a symbiosis between Tavernier's apparent retirement plans and the hospital's need for a change in leadership, due to Tavernier's poor performance as CEO.

The record likewise convinces us that the evidence, even viewed in the light most favorable to Tavernier, fails to demonstrate that HMA's stated age-neutral rationale is pretextual.[1] See Gross, 557 U.S. at 177-78 (burden of proof on plaintiff to show discrimination); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (burden on plaintiff to show pretext). Contrary to Tavernier's repeated assertions, the fundamental issue in this appeal is not whether Tavernier voluntarily accepted the retirement offer or actually wanted to retire as early as she did. An employer is liable only for discriminating on grounds that are improper, not for differentiating for reasons that are mistaken. Holland v. Washington Homes, Inc., 487 F.3d 208, 217 (4th Cir. 2007). As a result, "ultimately, it is the perception of the decisionmaker

---

[1] Given our conclusion that Tavernier's evidence clearly failed to demonstrate that HMA's conduct was pretextual for age discrimination, we need not address the parties' contentions with respect to whether Tavernier established a prima facie case of age discrimination.

which is relevant." Id. (internal quotation marks and alterations omitted).

In our view, the record evidence permits only the conclusion that Tavernier's supervisor actually believed — even if erroneously — that Tavernier was a poor performer and was a good candidate for early retirement, and that Tavernier's supervisor acted on that belief. See Bonds v. Leavitt, 629 F.3d 369, 386 (4th Cir.), cert. denied, 132 S. Ct. 398 (2011); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) ("[I]t is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason."). Because there is nothing in the record to suggest that HMA's stated rationale for offering Tavernier a strong financial incentive to accept an early retirement buyout was false, Tavernier has failed to put into genuine issue whether HMA's motives for instigating her separation were tinctured by age bias. See Gross, 557 U.S. at 177-78.[2]

Tavernier also contends that the district court erred in failing to hold HMA to the burden of proof allocated to it under 29 U.S.C. § 623(f) (2006). We see no such error. In

[2] Notwithstanding Tavernier's heavy reliance upon Clark v. Coats & Clark, Inc., 990 F.2d 1217 (11th Cir. 1993), we note that Tavernier's circumstances are clearly distinguishable from those at issue in Clark.

5

particular, § 623(f) does not, as Tavernier supposes, impose a burden of proof upon an employer to explain its action absent a showing that the employer's conduct was "otherwise prohibited" by the ADEA. Id. Instead, § 623(f) is a limited affirmative defense available to employers whose conduct is shown to be age-differential. See EEOC v. Minn. Dep't of Corrs., 648 F.3d 910, 913 (8th Cir. 2011). Contrary to Tavernier's assertions, even an involuntary early retirement is not necessarily a violation of the ADEA; the statute prohibits employers' actions — coercive or otherwise — only when they are undertaken because of the employee's age. Gross, 557 U.S. at 180. In arguing that HMA must meet the burden imposed by § 623(f) where her evidence has failed to generate a genuine dispute over HMA's motivations, Tavernier is placing the cart well before the horse. See id.; Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist., 374 F.3d 66, 73 (2d Cir. 2004); Stokes v. Westinghouse Savannah River Co., 206 F.3d 420, 426 (4th Cir. 2000).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED